SINGER SEWING MACHINE COMPANY v. STATE BOARD OF ASSESSORS.

1. The imposition and collection of taxes are matters for legislative regulation, and ordinarily the courts will not resort to extra-legislative modes of levying or collecting taxes, except in cases where, for the purpose of administering justice, they have interfered with the operation of the legislative scheme.

2. When the legislature has enabled the court to compel the restoration of state taxes in case they should be adjudged illegal after they are paid into the state treasury, the court should not ordinarily stay proceedings to collect the taxes pending the question of their legality.

On motion to order the prosecutor to pay the state tax, as a condition of further prosecuting the writ of *certiorari* to review the tax.

Argued November Term, 1891, before Justices Dixon, Reed and Garrison.

For the motion, *John P. Stockton, Attorney General.*

Contra, *R. V. Lindabury.*

The opinion of the court was delivered by

DIXON, J. A tax having been levied upon the prosecutor under "An act for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884 (*Rev. Sup.*, *p.* 1016), and its supplements, a writ of *certiorari* was heretofore allowed by one of the justices of this court to review said tax, on condition that the prosecutor pay said tax pending the writ, if the Supreme Court, at this term, should so order. The attorney general now moves for such an order.

The question raised by the prosecutor involves the validity of the whole tax, and there is no other legal method of deciding that question judicially than by the writ of *certiorari.* It is not suggested, on behalf of the state, either that the prosecutor has been guilty of any delay in suing out the writ, or that the means provided by law for the collection of the tax will, if pursued, prove at all inadequate for the state's protection. Under these circumstances we think the order asked for should not be granted. The imposition and collection of taxes are matters for legislative regulation, and the courts should not ordinarily resort to extra-legislative modes of levying or collecting taxes, except in cases where, for the purpose of administering justice, they have interfered with the operation of the legislative scheme.

But if we should not make an affirmative order for the payment of the tax, should we permit the writ of *certiorari* to exert its normal effect in staying proceedings for collecting the tax?

The tax is a state tax.

The supplement to the Taxing act, approved March 1st, 1888 (*Pamph. L*, *p.* 118), provides that when any corporation, upon which taxes are levied under the act, shall be found by the state board of assessors to be not liable under the act for such tax, it shall be the duty of the board to certify to the comptroller of the treasury the fact that such corporation has been found to be exempt from the tax imposed, and, if the corporation shall have paid the tax so improperly levied,

the comptroller is authorized, upon receipt of such certificate, to draw his warrant upon the state treasurer, in favor of the proper officer of such corporation, for the tax so paid. We understand this supplement to be applicable to cases in which this court, on *certiorari*, adjudges the tax imposed to be unlawful in whole or in part, and to enable the court in such cases, by proper proceedings against the state board of assessors and the financial officers of the state, to compel the restoration of the unlawful tax paid. Thus the court can administer complete justice between the state and the corporation, without restraining the collection of the tax.

In this condition of things, the wiser judicial policy seems to be that indicated in *State Railroad Tax Cases*, 2 *Otto* 575, 613, not to interfere *in limine* with the collection of a state tax, merely because it may be finally adjudged to be illegal.

It is, therefore, ordered that the writ of *certiorari* shall not operate as a stay of proceedings instituted for the collection of the tax.