THE ARIMEX CONSOLIDATED COPPER COMPANY v. THE STATE BOARD OF ASSESSORS AND J. WILLARD MORGAN, COMPTROLLER.

Submitted December 10, 1902—Decided February 24, 1903.

1. The return made by a corporation to the state board of assessors, for taxation under the Corporation Tax act (*Gen. Stat., p.* 3335), is not conclusive against the corporation.
2. If, by mistake, the return states the corporate stock issued and outstanding to be more than it really is, the corporation may show the truth and have the tax reduced, even though it has paid the excessive tax.
3. In view of the act of June 10th, 1895 (*Pamph. L., p.* 788), the court cannot order the state officers to restore the excessive tax.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *William P. McMichael, Jr.*

For the defendants, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

DIXON, J.   In the year 1900 the state board of assessors assessed the franchise tax of the prosecutor, under the Corporation Tax act of April 18th, 1894 (*Gen. Stat., p.* 3335), at $4,000, being the proper percentage on $5,000,000 of stock, which an agent of the company reported as issued and outstanding.  The company paid the tax.  Afterwards the officers of the company learned at what figure the agent had reported the outstanding capital, and, as in truth the outstanding capital was only $2,500,000, a writ of *certiorari* was obtained to reduce the tax to $2,500, the legal sum.

While the Corporation Tax act requires each corporation to furnish to the board an annual return of such information as the board may desire to carry out the law, it does not make that return the legal basis of the tax.  The legal basis of the tax is the capital stock issued and outstanding.  *Peoples In-*

*vestment Co.* v. *Assessors, 37 Vroom* 175. The return, therefore, should not be deemed conclusive when the tax is brought into court by a direct proceeding to test its legality. Hence we must conclude that $1,500 of the tax is illegal.

But the attorney-general contends that, as the company paid the tax voluntarily, it is not entitled to have the assessment reduced to the legal amount. In view of the rigorous and speedy means authorized by the statute for enforcing the tax, it may be doubted whether the payment can be deemed voluntary; but if it be, still it resulted from a mistake of fact by the agent making the return, a mistake which the company might indeed have discovered by an arithmetical calculation before payment, but which it did not discover until months after payment. Such a payment would not bar a suit for reclamation against another payee than the sovereign, and it does not lessen the moral obligation of the sovereign to see that justice is done.

The tax should be reduced to $2,500.

The prosecutor urges that we should make an order for the restoration of the surplus paid.

In *Singer Sewing Machine Co.* v. *Assessors, 25 Vroom* 90, we held that, under the statute then in force, we had legislative authority for doing so, but that authority was withdrawn by the act of June 10th, 1895. *Pamph. L., p.* 788.

Let judgment be entered reducing the tax to $2,500.

No costs are allowed.