In the matter of the transfer tax upon the estate of ELIZABETH S. MILLER, a non-resident decedent.

[Decided April 2d, 1913.]

1. The jurisdiction of the Ordinary in matters arising under the Transfer Tax act, approved April 20th, 1909 (*P. L. 1909 p. 325*), is appellate only.

2. The Ordinary is not vested with the power to compel the comptroller of the treasury to issue his consent to the transfer of corporate stock of a non-resident decedent, even though the stock is not subject to a transfer tax.

On petition to compel the comptroller of the treasury to issue his consent to the transfer of corporate stock of a non-resident decedent.

*Messrs. Vroom, Dickinson & Scammell,* for the petitioners.

*Mr. Theodore Backes* and *Mr. Edmund Wilson,* attorney-general, for the comptroller.

BACKES, VICE-ORDINARY.

This matter is presented upon a petition by the executor of Elizabeth S. Miller, a non-resident decedent, praying:

"That an order may be made directing the comptroller of the treasury of the State of New Jersey to forthwith issue to your petitioner an unqualified consent to the transfer of the shares of stock of the New Jersey corporations above set out, of which the said Elizabeth S. Miller died seized, and for an order adjudging that there is no tax due the State of New Jersey from the estate of the said Anne F. Miller in respect to the shares of stock of said New Jersey corporations referred to, of which the said Elizabeth S. Miller died seized, or that if such tax is due upon the estate of the said Anne F. Miller, the payment thereof is not a condition precedent to the consent of the comptroller to the transfer of said corporate stocks of which the said Elizabeth S. Miller died seized."

The petition sets forth that Elizabeth S. Miller, at the time of her death, was the owner of capital stock of ten companies incor-

porated under the laws of the State of New Jersey. By her last will and testament, admitted to probate in the surrogate's court of Ontario county, in the State of New York, she devised and bequeathed all of her residuary estate to her two children, Anne F. Miller and Gerrit S. Miller, in equal shares. The capital stock formed a part of the residue of the estate. The petitioner applied to the comptroller of the treasury to issue his consent to the transfers of these stocks upon the books of the corporations. The comptroller refused to consent to transfers to others than the residuary legatees, claiming that the transfers of the stocks are subject to a tax under the act entitled "An act to tax the transfer of property of resident and non-resident decedents, by devise, bequest, descent, distribution by statute, gift, deed, grant, bargain and sale, in certain cases," approved April 20th, 1909 (*P. L. 1909 p. 325*), and basing his refusal upon the fact that Anne F. Miller, one of the residuary legatees, died ten months after her mother, and before distribution of the latter's estate, leaving a last will and testament, admitted to probate in Ontario county, New York, where she lived, whereby she bequeathed and devised her estate to persons not within the exempt class of the Transfer Tax act. The petitioner argues that the title to the stocks is in the personal representative of Elizabeth S. Miller; that there was no specific bequest thereof to the said Anne F. Miller, and that no property therein passed to her; that it is the petitioner's duty, in the administration of the decedent's estate, to convert the stocks into money and to distribute the money; that the only interest Anne F. Miller had in her mother's estate was a chose in action against the petitioner for the undivided one-half of the residuum; that there is no transfer of these stocks or any interest therein by the will of Anne S. Miller to her legatees, and hence a transfer tax is not leviable. Upon this petition an order was made that the comptroller of the treasury show cause why the prayer of the petition should not be granted. Upon the argument, the comptroller challenged the jurisdiction of the Ordinary.

The twelfth section of the Transfer Tax act requires the payment of a tax to the treasury upon the transfer of any stock which may be liable to tax under the provisions of the act, and

further that no corporation shall make such transfer until the comptroller shall consent thereto in writing. The eighteenth section furnishes the method for the levying of the tax, and provides for an appeal to the Ordinary. The twentieth section reads:

"The Ordinary of this state shall have jurisdiction to hear and determine all questions in relation to any tax *levied* under the provisions of this act,"

and by virtue of this, the petitioner contends that power is conferred upon the Ordinary to grant him the relief he asks. To this I cannot subscribe. The jurisdiction thus granted is purely appellate. The Ordinary may take cognizance only after the tax provided by the act has been levied in the manner prescribed by the statute. That stage has not been reached in this case. The effort of the petitioner is to have it declared that the provision of the twelfth section of the statute is not applicable to the situation he presents and to decree a public official to discharge a function of his office. The Ordinary has not the right to so adjudge, nor the power to issue the mandate. Under our system these are vested in another forum. They were not intended to be conferred upon this court. The legislative intent, as expressed in the act, is against an intrusion upon the common law jurisdiction of the supreme court in matters of this kind. In this view it would be inappropriate to express an opinion upon the merits of the petition.

The prayer of the petition is denied, with costs.