In the matter of the estate of EZRA B. LAKE, deceased.

[Argued July 29th, 1913. Decided July 31st, 1913.]

The refusal of the comptroller to accept the view of an executor and legatee as to the date from which interest shall be computed on a transfer tax, is not subject to review by the ordinary, nor is the comptroller subject to the coercive powers of the prerogative court, the question being determinable only by a proceeding by the comptroller to collect the tax as provided by *4 Comp. Stat. 1910 p. 5310 § 21.*

On petition and order to show cause.

*Mr. John Boyd Avis,* for the petitioner.

*Mr. Theodore Backes,* assistant attorney-general, for the comptroller of the treasury.

BACKES, VICE-ORDINARY.

Ezra B. Lake died in August, 1900, leaving a last will and testament, one of the items of which reads:

"I give and bequeath *under* Mary L. Corson, the daughter of Martha J. Lake, my wife, by her first husband, five hundred dollars, in cash, for each and every year during her natural life, to be paid over to her on the first day of April and October."

The Centenary Fund and Preachers' Aid Society of the New Jersey Annual Conference of the Methodist Episcopal Church was named and qualified as executor, upon the will being admitted to probate by the surrogate of Cape May county, shortly after Mr. Lake died.

Under the "Succession" Tax act of 1894 (*P. L. 1894 p. 318*), superseded by the "Transfer" Tax act of 1909 (*P. L. 1909 p. 325*), this legacy is subject to a tax of five per cent. The tax is payable by the legatee; the collection is committed to the executor, who is also responsible.

In March, 1913, the then surrogate certified to the comptroller the value of the above annuity, as ascertained by him, to be $9,171, and the tax thereon was fixed at $458.55. The comptroller insists upon the payment of the tax, with interest, at the rate of ten per cent. per annum, from August, 1901, one year after the date of the death of the testator. The petitioners (legatee and executor) offer to pay the tax and interest at the rate of six per cent. from the date of the surrogate's return, March of this year, and now pray that the comptroller be ordered to certify this amount of tax and interest to the treasurer of the state, and that the treasurer be directed to accept the same in full payment.

This is not an appeal from the tax. The point in dispute between the parties is, When did the tax accrue, and from what time should interest be charged and at what rate? The question is not properly before me for decision. The refusal of the comptroller to accept the petitioners' view, and to certify accordingly, is not subject to review by the ordinary, nor to the coercive powers of this court. What was said *In re Miller Estate, 81 N. J. Eq. (11 Buch.) 476*, is apposite.

On the argument counsel for the petitioner intimated that his view was that interest could not be charged on the taxes until the amount of the tax was certified to the comptroller, and requested an expression of opinion, but did not intimate that he would be bound by it. Under these circumstances it would be idle to discuss the subject. The issue may be properly brought before this court by pursuing the provisions of section 21 of the act (*Comp. Stat. p. 5310*), when the judgment will have a binding effect. Counsel called my attention to two cases in this court, where the facts were similar to this one, in which orders were made granting the relief now sought; but it does not appear that they were contested, nor that the court's attention was called to the point now mooted.

It may not be amiss to indicate to counsel that my present notion is that there is considerable force in the comptroller's contention. The statute—not the comptroller—imposes the tax, both as to subject and percentage, as of the decedent's death. It contemplates payment within one year after death, and casts the burden of ascertaining the value of the estate to be taxed upon the legatee, and personal representative. It seems to me that the statutory method providing for the ascertainment of the amount of the estate to be taxed, when that amount is not a specified sum of money, is mere machinery, and that all proceedings thereunder relate to the date of death. In this respect counsel may be more fully informed by consulting the text of *37 Cyc. 1553 et seq.*, and the many cases there cited.

The order to show cause will be dismissed, but without costs. If, before signing the order of dismissal, counsel for the petitioner desires a further hearing, and will come prepared with authorities, I will hear argument.