The comptroller assessed a tax against the estate of Louis W. Budell, deceased, under the provisions of the Transfer Inheritance Tax act, on September 30th, 1924. The tax was paid in full (albeit under protest, it is said) on December 16th, 1924. The petition in the present proceeding was filed May 4th, 1926.
The motion to dismiss the proceeding is based on the ground that the court has no jurisdiction to entertain it — first, because the proceeding is not an "appeal," as specified in section 18 of the statute; secondly, because even if it be an appeal, it was not brought "within sixty days after the making and filing of the assessment," as specified in the section aforesaid.
The petition contends that the appeals provided for in section 18 are limited to questions of figures, or computation, or amount of appraisement or assessment; that questions of liability to tax cannot be raised in that way; that section 20 must be construed to clothe aggrieved persons with further and broader rights and powers to bring before this court for determination such questions as those of liability or jurisdiction.
Not so. The appeal specified in section 18 is in nowise so limited. The section provides for the making of appraisement by appraisers, report thereof to the comptroller, and the assessment and levying of the tax by the comptroller. Such assessment necessarily is based upon a finding by the comptroller of jurisdiction and liability. The section awards an appeal to any person "dissatisfied with said appraisement or assessment." Denial of jurisdiction or of liability to tax are surely good grounds for dissatisfaction with an assessment which inherently determines them, just as much as denial of the accuracy of valuations or computations. The *Page 275 
same conclusion was expressed in In re Vineland Historical, c.,Society, 66 N.J. Eq. 291 (at p. 293), the only difference being that under the statute then in force the appraisement and assessment were made by the surrogate (instead of the comptroller), and the appeal was to the orphans court (instead of to the ordinary), differences which are immaterial to the issue.
Section 20 simply confers a general grant of jurisdiction as to subject-matter. The method or procedure of the acquisition of jurisdiction of any particular case is specified in section 18 (and in section 21, as to proceedings by the comptroller to enforce payment).
The same clause which grants the appeal, limits it to be taken within sixty days. The jurisdiction of this court in the matter is solely statutory and limited strictly by the provisions of the statute. If the proceeding in the present case is not an appeal this court is without jurisdiction thereof. If it be an appeal, it was not taken within the requisite sixty days, and this court is therefore equally without jurisdiction to entertain it.
The motion to dismiss must prevail. *Page 276 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 277