MILDRED E. MILLER, executrix of the last will and testament of Ralph E. Miller, deceased, petitioner-respondent,

*v.*

JOHN MCCUTCHEON, comptroller of the treasury, respondent-appellant.

———

In the matter of the inheritance tax on the estate of RALPH E. MILLER, deceased.

[Argued May 21st, 1934. Decided October 17th, 1934.]

*Mr. Arthur T. Vanderbill,* for the petitioner-respondent.

*Mr. David T. Wilentz* (*Mr. William A. Moore,* special counsel), for the respondent-appellant.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

This is an appeal from an interlocutory order of the ordinary, dated March 3d, 1934, to the effect that a former final decree of the prerogative court, filed June 29th, 1925, in this.

cause, be "opened, vacated and set aside to the end that a rehearing may be had in the cause for the purpose of receiving evidence relating to the decision of the United States supreme court in *First National Bank of Boston* v. *Maine,* reported in *284 U. S. 312,* the constitutionality of the assessment made by the comptroller of the treasury of the State of New Jersey on the stock owned by Ralph E. Miller, deceased, and the constitutionality of the statute authorizing such assessment, * * *." The opinion of the vice-ordinary in the instant matter will be found in *115 N. J. Eq. 459.*

From the record it appears that the decedent, Ralph E. Miller, was a non-resident; that a transfer inheritance tax was assessed by the comptroller of this state on certain intangible personal property, namely, stock in a New Jersey corporation, which had been owned by the decedent at his death. This tax was paid on August 27th, 1924. At the time the tax was paid such transfer inheritance taxes against the estates of non-residents had been upheld by the decisions of the United States supreme court (*Maxwell* v. *Bugbee, 250 U. S. 525*), but on January 4th, 1932, the supreme court of the United States, in *First National Bank of Boston* v. *Maine, supra,* held that such tax was unreasonable and incompatible with the sound construction of the "due process of law" clause of the fourteenth amendment, thus effecting a reversal of its former determination.

The executrix of the estate of Ralph E. Miller, learning of this later pronouncement of the United States supreme court, petitioned our prerogative court on April 25th, 1933, to open and vacate its former decree under which this particular tax was confirmed, to allow a rehearing or grant leave to file bill of review on the ground that the provisions of our Transfer Inheritance Tax act authorizing the assessment and levy of a transfer inheritance tax on such intangible property of non-residents, is unconstitutional because of the said later decision of the United States supreme court, holding such tax invalid. The learned vice-ordinary, relying upon the decision of the ordinary in *In re O'Mara, 106 N. J. Eq. 311,* signed an interlocutory order opening and vacating the

decree of that court of June 29th, 1925; hence this appeal. Obviously, an appeal from the decree of June 29th, 1925, confirming this tax would not lie at this late day. The prayer for the reopening and vacation of that decree and that a new hearing be granted therefore places upon the petitioner the burden of establishing that new matter has arisen; that it could not have been produced at the time of the original hearing, as indeed here it could not; that it is material and relevant and that probably it would have occasioned a different determination and, in a word, that the later determination of the United States supreme court (*Maine Case*, 1932, *supra*), is such new matter.

The vice-ordinary thus limited the issue, stating that the petitioner had no other equitable ground for relief. No fraud was present which would impeach the decree and no special equity existed such as ignorance of the entry of the decree. *Watkinson* v. *Watkinson, 68 N. J. Eq. 632* (at *p. 642*).

The question therefore is whether or not a subsequent decision of a court of last resort, which changes the stated law existent at the time the decree, sought to be impeached, was made, is such new matter.

Before taking up that question perhaps it should be pointed out that in 1924, when the executrix paid this tax, even though under protest, no effort was made to review the determination of the prerogative court by *certiorari*. *In re Roebling Estate, 91 N. J. Eq. 72.*

In the original petition filed on October 20th, 1924, the petitioner questioned the validity of levying a tax on this property on the grounds that the decedent was a non-resident, the assets were outside the jurisdiction of the state, and were of a character not taxable under the laws of the state. The answer filed denied this, asserting the taxability of this intangible personal property. As pointed out by the vice-ordinary in his opinion, this issue of law was not argued at the time this appeal was originally heard, for the reason that the legal question was considered settled. Since, therefore, the question was neither argued in the prerogative court, nor reviewed by *certiorari*, it was abandoned.

It is also to be observed, *in limine*, that it is a nice question of practice whether the appeal before us is cognizable at all at this time. The statute creating the right to tax the transfer of property of resident and non-resident decedents (*P. L. 1909 ch. 228 p. 325; P. L. 1922 ch. 174 p. 294*) and providing that the comptroller of the treasury shall appraise the property of such decedents and levy a tax, further invests the ordinary with jurisdiction "to hear and determine all questions in relation to any tax levied under the provisions of this act." *P. L. 1909 ch. 228 p. 325* §§ *18, 20*.

A review of the findings of the ordinary in this class of cases may not be had by appeal to this court. The ordinary, in exercising the power conferred by the statute (*supra*), to hear and determine tax questions of this character, is a statutory agent only and the power to review his act, as such, by *certiorari* is one vested in the supreme court by the constitution and of which power that court cannot be divested by statute. *Dufford* v. *Decue, 31 N. J. Law 302; Flanagan* v. *Plainfield, 44 N. J. Law 118; In re Prudential Insurance Co., 82 N. J. Eq. 335.* In the case of the *Roebling Estate, supra,* an appeal to this court having been taken from a decree of the ordinary setting aside part of the taxes assessed by the comptroller of the state treasury was here dismissed on this reasoning. The order here appealed from, however, is one that merely grants the petition to reopen or vacate the court's former decree. It is not dispositive of the tax question, which is the real issue in the case, the order appealed from being but a necessary preliminary to the determination of that question. Respondent's counsel makes no point of this nor does he ask that the appeal be dismissed. In the interest of speedy determination of the real issue and the avoidance of litigation, we will consider the question here presented on it's merits.

The vice-ordinary reopened the decree of 1925, on the ground that a later determination of the United States supreme court, overruling, at least by implication, its former holding, was new matter and predicated that finding on the doctrine laid down in the *O'Mara Case,* (*supra*). In that case the facts are fully and clearly stated in the reported

opinion, *106 N. J. Eq. 311*. The time for appeal from the final decree of the prerogative court had been permitted to lapse. Shortly thereafter a case similar in fact and identical in principle, involving a construction of the same statutory provision concerning distribution (section 169, Orphans Court act, Rev. 1898, amended *P. L. 1918 ch. 63 p. 180 subsec. 3*), was determined by a vice-ordinary exactly contrary to the decision of the vice-ordinary who disposed of the appeal in the original *O'Mara Case (101 N. J. Eq. 713)*. The decree, upon review by this court, was affirmed. This case, entitled *In re Miller* (not the estate here involved), may be found in *103 N. J. Eq. 86; affirmed, 104 N. J. Eq. 491*. When the decision in the *Miller Case (supra)* was reported, those who were adversely affected by the determination of the *O'Mara Case (101 N. J. Eq. 713)*, the time for appeal having expired, petitioned for and obtained a rehearing in that case from the ordinary, who determined that the later determination of the *Miller Case,* affirmed by this court on appeal, was new matter. He set aside the decree in the *O'Mara Case* and directed the orphans court to decree distribution in accordance with the construction placed upon the statute concerning distribution by the decision in the *Miller Case*. The respondents did not appeal.

In the opinion of the ordinary in the *O'Mara Case,* in which the rehearing was granted *(106 N. J. Eq. 311)*, in addition to holding that a subsequent change in the stated law by decision is new matter the learned opinion writer pointedly remarks (at *p. 316*) : "The matter here is equitable in its nature, as it would be highly inequitable to make a distribution of an estate not in accordance with the law of the land, * * *." Be that as it may, that element is absent from this case, the vice-ordinary holding that the petitioner had no other equitable ground for relief except the presentation of new matter.

We now come to the real point in this case as to whether or not a decision of a court of last resort, changing its former ruling or decision on a question of law, constitutes such new matter as will justify a rehearing or a bill of review to accom-

plish the vacating and setting aside of final decrees which have been entered before the change in the law by decision was brought about. This proceeding in essence is a bill of review, even though the court entertained it, as under our decisions it was privileged to do, on petition and order to show cause. In this case the decree upon which the court granted a rehearing was a final decree. By its terms it left nothing undone.

The great weight of authority is that a subsequent, different, legal decision, as here, does not amount to new matter *in pais,* discovered since the decree complained of, as to justify a bill of review. The federal appellate courts and the United States supreme court have passed upon this matter in many cases among which are *Scotten* v. *Littlefield, 235 U. S. 407* (at *p. 411*); *Tilghman* v. *Werk, 39 Fed. Rep. 680; Hoffman* v. *Knox, 50 Fed. Rep. 484,* and in commenting on these cases in *John Simmons Co.* v. *Grier Bros. Co., 258 U. S. 82* (at *p. 88*); *66 L. Ed. 475* (at *p. 478*), Mr. Justice Pitney, speaking for the United States supreme court, said: "The cases cited (*supra*) are to the effect that, in the application of the ancient rule of practice in equity, based upon Lord Bacon's first ordinance (*Story Eq. Pl. (6th ed.)* § *404*), a change in the authoritative rule of law, resulting from a decision by this court announced subsequent to the former decree, neither demonstrates an 'error of law apparent' upon the face of that decree, nor constitutes new matter *in pais,* justifying a review."

A bill of review (and, as has been said, that is what this proceeding essentially was) will not lie after the time for appeal has expired unless it can be brought strictly within the exception of newly discovered evidence or some special equity that would give the court the discretionary power to make the order. *Watkinson* v. *Watkinson, supra.* Neither of these elements exists in this case.

As to time limitations in this class of cases, while there is no express statutory limitation as to the filing of bills of review, the limitation of right of appeal governs except in cases of new or newly discovered matter. *Nash* v. *Leiderman & Nash Building Co., 103 N. J. Eq. 287; Watkinson* v. *Wat-*

*kinson, supra; Mitchell* v. *Mitchell, 97 N. J. Eq. 298; In re Roberson, 95 N. J. Eq. 672.*

It should also be observed that the final judgments of our courts would be seriously jeopardized and property rights stand on very insecure foundations if rehearings and bills of review were entertained to vacate final decrees, when the time to appeal has passed, and others have acquired vested rights, save in the well recognized instances herein mentioned.

Just a year ago these principles were applied in this court. Our determination in *Dieckman* v. *Walser, 114 N. J. Eq. 382,* overruled *Smith* v. *Colonial Woodworking Co., Inc., 110 N. J. Eq. 418,* thus changing the stated law on the particular question there involved. An application was made to this court for a rehearing or reargument in the case of *Smith* v. *Colonial Woodworking Co., Inc.,* which was denied for the reason that the change in the law as effected by *Dieckman* v. *Walser, supra,* is not new matter or newly discovered evidence. This determination is not reported but the motion papers and the disposal of this point are on record in the office of the secretary of state.

It is sound jurisprudence and public policy as well that there should be finality to judgments of courts of competent jurisdiction which parties let go unchallenged, by failing to exercise their right of appeal.

The determination of the ordinary in the *O'Mara Case,* so far as it decides that a change in the stated law by judicial decision is new matter such as to entitle a petitioner to file a bill of review or obtain a rehearing on a final decree, after the time has passed within which an appeal might be taken, is disapproved.

The interlocutory order appealed from will be reversed, with direction to the court below to dismiss the petition for rehearing.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.