Edward T. Swetnam died March 10th, 1929. His executor duly filed with the transfer inheritance tax bureau its return for inheritance tax purposes; and thereon the commissioner computed and assessed the tax payable by the estate, and on March 10th, 1930, the executor paid to the state the amount of that tax so assessed. *Page 281 
Decedent at his death was contingently liable as accommodation endorser on two promissory notes, aggregating about $45,000. The executor, in its tax return aforesaid, made no claim for this amount or any part thereof, as a deductible debt under the Transfer Inheritance act; and no allowance in that behalf was made by the tax commissioner in computing the tax assessed and paid as aforesaid.
Some four years later, the notes were protested and the executor was compelled to pay about $40,000 in settlement of the contingent liability. Thereafter the executor applied to the tax commissioner for a refund of so much of the tax paid as aforesaid as equals the amount by which that tax would have been lessened, if the $40,000 subsequently paid by the executor had been listed in the return, and allowed in the computation. as a deductible debt. The commissioner refused the refund on the ground that the application therefor was not made within two years after the tax was paid, — as required by section 15 of the statute (P.L. 1909,c. 228, § 15, as amended by P.L. 1931, c. 303, § 9).
The executor has now filed petition in this court praying an order that the tax commissioner re-open the assessment and correct the same by allowing the said payment of $40,000 as a deductible debt in the computation of the tax, and refund to the executor the excess, — (of the tax actually paid, over the tax due on such corrected computation).
This petition appears (on its face) therefore, not to be, — and not intended to be, — an appeal from the commissioner's assessment of the tax. If it be considered as such an appeal, the motion to dismiss must needs be granted, because the statutory provision which grants the right of such appeal to this court, limits the time thereof to sixty days from the date of the assessment, — and this court is now without jurisdiction to entertain it. P.L. 1909, c. 228, § 18, as amended by P.L.1931, c. 303, § 12; In re Budell, 100 N.J. Eq. 273,134 Atl. Rep. 552. Cf. Lapsley, Adm'x v. Public Service Corp.,75 N.J. Law 266, 68 Atl. Rep. 1113; Eldridge v. Phila. Reading R.R.Co., 83 N.J. Law 463, at 466, top, 85 Atl. Rep. 179. *Page 282 
Where an appeal from the judgment or decree of a court is precluded, because of the expiration of the limitation period for such appeal, application for relief may nevertheless be made by petition to the court which entered the judgment or decree by which petitioner deems himself wrongly and injuriously affected, to reopen its judgment or decree and grant rehearing, — Miller
v. McCutcheon, 115 N.J. Eq. 459, at 461, 170 Atl. Rep. 666, and cases cited, — provided such petition be based on newly discovered evidence. Petition for rehearing, or bill for review, will not lie after expiration of time for appeal, except on the ground of newly discovered evidence or some special equity.Miller v. McCutcheon, 117 N.J. Eq. 123, at 129,175 Atl. Rep. 155. Obviously however the present petition is not, and cannot be considered as, a petition to re-open, because the adjudication sought to be corrected or changed was not a decree of this court, but the act of the tax commissioner. Any petition to re-open (assuming that such would lie) would have to be made to the commissioner.
From the averments in, and the prayer of, the present petition it is obvious that a petition was made to the tax commissioner, and denied by him, and that this court is asked to reverse such denial and direct a re-opening of the assessment and a refund of the excess tax collected. Essentially therefore it is, or includes, an appeal from the commissioner's denial of the petition made to him. That petition obviously was, or essentially included, a petition to the commissioner to re-open his assessment and correct it because of the grounds hereinbefore mentioned.
The first issue is whether this court has jurisdiction to entertain such a petition or appeal as the present, under any circumstances. These tax matters do not come within the scope of the usual and ordinary jurisdiction of this court, by the tax statute this court is designated as a statutory agent or tribunal, and has no power to make orders or decrees save as the statute confers such power.
Section 18 of the act provides that the commissioner (who has, by the amendments of 1931, taken the place of the comptroller) shall appraise the property and compute, assess and *Page 283 
levy the tax; and gives any party dissatisfied with such appraisal or assessment the right to appeal therefrom to the ordinary. By implication this would probably clothe this court with power to hear and determine such appeals; but it is not left to implication, for § 20 assuredly grants such power, in its grant of jurisdiction to hear and determine "all questions in relation to any tax levied under the provisions of this Act."
At first impression this grant seems very broad indeed; but, being a taxing statute, and a statute granting jurisdiction, it must be carefully and strictly construed. Accordingly it was held by Vice-Ordinary Backes, in In re Miller, 81 N.J. Eq. 476,86 Atl. Rep. 944, that no jurisdiction exists prior to the actual levy of a tax; and he further points out therein that the statute does not, was not intended to, and could not, (constitutionally), clothe this court with the power to decree a public official to discharge a function of his office. See also the opinion in InRe Roebling's Estate, 91 N.J. Eq. 72, 108 Atl. Rep. 359, as to the legislative purpose, and constitutional limitation, in respect to this statute.
Again, In re Lake's Estate, 82 N.J. Eq. 327,88 Atl. Rep. 188, the same vice-ordinary held that this court had no jurisdiction to hear or determine an appeal from the refusal of the comptroller (now the commissioner) to certify to the state treasurer that the tax was subject to only a certain amount of interest: that under the provisions and intent of the statute this court could have jurisdiction of that question of interest only when a proceeding for the collection of the tax, specifically authorized by § 21 of the statute, was brought in this court by the comptroller.
Again in In re Budell, supra, it was held that this court had no jurisdiction to entertain a petition, filed more than sixty days after the assessment and filing of the tax, which sought a decree that the comptroller had had no jurisdiction to assess the tax and that the tax be returned. It was also pointed out that § 20 of the statute simply expressed that the scope of the jurisdiction of this court was general and complete as to subject-matter, in the particular proceedings in which the statute authorized this court to act. Indeed the determination *Page 284 
in that case is practically dispositive of the instant case; the two cases are essentially identical.
Consideration of the statute, and of the authorities, then, shows that not only has this court no power to decree that the commissioner shall return a tax or any portion thereof, but that it has no power to review the acts or refusals of the commissioner in applications made to him under §§ 11 or 15 of the statute, — nor indeed any of the commissioner's acts other than those arising in the course of the two proceedings in which the statute authorizes this court to act, to wit, under §§ 18 and 21.
Section 21 specifically authorizes a proceeding in this court to recover a judgment for the tax. Section 18 specifies the proceedings to be taken by the commission as to appraising, computing and assessing the tax, and specifically gives a right of appeal therefrom to this court. Without this latter there would be no right of appeal or review by any tribunal or in any manner, except on certiorari under the general jurisdiction of the supreme court in that behalf. Section 15 provides for application to the commissioner for refund of taxes paid "erroneously," but does not give any appeal to this court from the commissioner's determination on such application. The same is true as to section 11 which provides for refund in cases of one particular type of payments by "mistake." Whether the instant case comes under § 11 or 15, and whether the provisions of § 15, including the specific time limitation thereof, are applicable as well to applications under § 11, are questions which need not here be considered. The point is that neither section gives any right of appeal to this court, as is done in § 18; that if it had been the legislative intent to give such right of appeal, the natural and ordinary thing would have been so to express it, — especially in view of § 18; hence § 20 is not to be interpreted as giving any such jurisdiction to this court. Review, if any can be had, can be had only on certiorari.
Moreover, if this court had jurisdiction in the present appeal from the commissioner's denial of refund, it would seem that no relief could be accorded petitioner in the instant case. In the first place, an application to the commissioner *Page 285 
for refund would seem to be analogous to an application to a a court to re-open a judgment; and the granting of such an application is within the sound discretion of that court and denial thereof is not reversible unless it be clear that such denial was not justified in the exercise of such sound discretion. As will hereinafter appear, the latter is not the fact, under the circumstances of this case.
In the second place, the circumstances of the present case do not bring it within the express provisions of § 11, and under § 15 the right to apply for "re-opening" and refund is limited to within two years from the date of payment of the tax, (and this limitation may well be deemed to apply to cases arising under § 11; § 11 does not, nor does any other part of the statute except § 15, provide the procedure to be taken to obtain refunds in cases arising under § 11); in this case the application was not made within that time. This time limitation in its terms covers all cases; there is no exception as to instances of "newly discovered evidence" discovered after the expiration of the two years. The natural interpretation of the statute therefore would be that the time limitation applies to all cases, and precludes the present application. The legislature of course has the power and right so to limit application for relief, and to make no exception for cases of subsequently discovered "new evidence." The right or power of re-opening and reconsidering can exist only by virtue of some provision of law in that behalf. Cf. State v.Tolla, 73 N.J. Law 249, 63 Atl. Rep. 338. (The "newly discovered evidence" exception to the general limitation in cases of application to a court to re-open its decree is based upon a provision of law in that behalf, — albeit a provision of the common law instead of statute). And there is obvious justifiable reason for a legislative policy of fixing a point of definiteness and finality in these matters, — and hence for interpreting the legislative intent in this statute accordingly.
In the third place, if there could be an exception in cases of subsequent newly discovered evidence, the instant case does not seem to come within such exception. True, the payment of the note by the estate did not occur until after the expiration *Page 286 
of the two-year limitation period, and possibly it was likewise not known till then that any absolute liability on the part of the estate would eventually take place. But the existence of the note as a contingent liability or debt of the estate was known at the time of the return and the assessment; and it was also known at that time that there was at least a very real possibility, if not indeed a probability, that it would become an actual absolute liability in some amount. The same corporation which was the executor who made the tax return was, in its individual capacity, the holder of the note. Yet no claim was made in the return for any deductible debt. The case seems clearly one of omission or mistake or error in judgment by the petitioner in regard to facts and circumstances which were within its knowledge in the beginning, rather than one of evidence or facts newly discovered.
It was contended by petitioner at the argument and admitted by the respondent, that if claim for deductible debt in respect of this contingent liability had been made at the time of the assessment, it would have been disallowed by the commissioner in accordance with the usual rule and practice of the department. In such case however the petitioner could have filed an appeal. And even if the commissioner had been upheld on appeal, or if the petitioner had felt it inadvisable to appeal, it could have paid the tax under protest and immediately, or at any time within the time limit of two years, filed an application for refund, — the determination on such application being postponed until the actual liability on the contingent claim had been definitely ascertained.
Whether or not there be any liability on the part of the petitioner-executor to its residuary legatees, by reason of its acts or omissions, is of course entirely outside the scope of the present inquiry.
The state of course has a moral obligation not to retain, but to return, moneys paid to it as taxes in excess of the amount to which it is rightfully entitled, even where such excess payment has occurred as the result of the negligent mistake of the payer,Arimex Consolidated Copper Co. v. Board of Assessors,69 N.J. Law 121, 54 Atl. Rep. 244. Whether petitioner can accomplish such a return, on application *Page 287 
to the supreme court, under all the circumstances of the present case, or whether it would be precluded under the application of the principles set forth in Mayor, c., of Jersey City ads.Riker, 38 N.J. Law 225, or under the principles set forth inMiller v. McCutcheon, 117 N.J. Eq. 123, 175 Atl. Rep. 155, we need not, and should not, here attempt to decide.
Relief cannot be accorded by this court, for the reasons hereinbefore set forth; and the motion to dismiss must be granted.