The petitioner seeks to recover a portion of inheritance taxes paid by decedent's estate upon an assessment levied against a trust fund created by the decedent, who, at the time of the making thereof, was a resident of the State of New York. The trust assets were at all times within that state. There is in the trust indenture a power of revocation which was never exercised. The tax return filed with the state tax commissioner shows that the decedent, Charles D. Edmonston, on April 10th, 1929, while then a resident of the State of New York, created a revocable trust with the Title Guarantee and Trust Company, a New York corporation, as trustee. The trust estate at the time of the donor's death amounted to $16,318.26. The assets comprising thecorpus of the trust fund consisted of two bonds and mortgages and four guaranteed mortgage certificates, covering property in the State of New York, which is particularly set forth in schedule C of the transfer inheritance tax proceedings. *Page 35 
Under the terms of the trust indenture, it was to continue for the benefit of Susan A. Jenny and Eliza A. Edmonston. Upon the death of the survivor of these two persons, the trustee was required to turn over the corpus to the donor, if living; or if dead, then to the trustees of the Masonic Hall and Asylum Fund, a New York corporation.
The sixth clause of the indenture gave the donor power to alter, amend or revoke the trust. The donor, as hereinabove stated, never exercised the power of revocation.
Section 3 of the petition reads as follows:
"This proceeding is brought pursuant to section 20 of the Transfer Inheritance Tax act, as amended, providing that the Ordinary shall have jurisdiction to hear and determine all questions in relation to any tax levy under the provision of said act, petitioner maintaining that aforesaid tax was unlawfully paid and collected and should forthwith be repaid to it, with interest; and that this court should so order."
The pleadings filed herein include (1) the petition; (2) an order to show cause "why such portion of the transfer inheritance tax levied and assessed against and under protest paid upon aforesaid trust fund should not be refunded and caused to be returned and repaid to Kings County Trust Company, as Executor of and Trustee under the Last Will and Testament of Charles D. Edmonston, deceased;" and (3) notice to the State of New Jersey.
The respondent contends that the petitioner's pleadings are defective; and its procedure should be by (1) a notice of appeal; (2) a petition of appeal; (3) an answer; and (4) a transcript of the record. Objection is made to the institution of this proceeding by petition and the issuance of order to show cause. The respondent takes the position such course is improper; that the power of the court is statutory; that the procedure, while it is not prescribed in the act, must conform with the ordinary practice of the court in like cases. Borden v. Wolf Silk Co.,108 N.J. Eq. 438; In re Foran, 85 N.J. Eq. 288; Pritchard v.Howell, 87 N.J. Eq. 252.
The respondent raises the point that the function of the prerogative court in these tax matters is solely appellate. *Page 36 In re Budell's Estate, 100 N.J. Eq. 273; In re Miller's Case,81 N.J. Eq. 476; In re Lake's Estate, 82 N.J. Eq. 327; FirstMechanics National Bank v. Martin, 119 N.J. Eq. 280. For the reasons hereinafter stated, the situation in the present case is clearly to be distinguished from the facts forming the basis of all the foregoing decisions cited by the respondent, which specifically are not to be deemed controverted or questioned hereby.
Respondent's citations refer primarily to section 18 of the Inheritance Tax act and the appraisal or valuation of estate assets in New Jersey. Petitioner's case, on the other hand, comes fundamentally under section 15 of said act and a refund is sought of a tax paid in error under an assessment, wholly void for want of jurisdiction, imposed upon a trust fund involving a transfer which was never within the taxing power of the New Jersey authorities.
The petition alleges that this proceeding is instituted under and by virtue of the language of section 20 of the Transfer Inheritance Tax law, chapter 228, laws of 1909, page 335, which provides "The Ordinary of this State shall have jurisdiction to hear and determine all questions in relation to any tax levied under the provisions of this act." It also alleges that the moneys were erroneously paid by the petitioner and under its protest. The petitioner directed attention to the original tax return (schedule C-3) wherein the following is stated.
"As appears from said indenture, the trust created by decedent was created by him while a resident of 29 McDonough Street, Borough of Brooklyn, City and State of New York, with a New York corporation, The Title Guarantee Trust Company, as Trustee. The securities constituting the principal of said trust when set up, and all reinvestments thereof, have, at all times, remained in the custody of the corporate trustee in New York, and have at all times been wholly beyond the jurisdiction of New Jersey. By reason of these facts, claim is made that the assets of said trust, having a permanent situs outside of the jurisdiction of the State of New Jersey, are not subject to the New Jersey Inheritance Tax." *Page 37 
The petitioner's protest to the imposition and payment of the tax is also contained in letters, which it sent to the state tax commissioner.
The respondent relies, largely, on section 18 of the Inheritance Tax law, which requires a person dissatisfied with an appraisement or assessment to "appeal therefrom to the ordinary of this state within sixty days after the making and filing of such assessment, on giving a bond, approved by the ordinary of this state, conditioned to pay said tax so as aforesaid levied by the said state tax commissioner, together with interests and costs, if the said tax be affirmed by the ordinary;" and it points to Vice-Ordinary Buchanan's opinion in In re Budell,supra, in which the vice-ordinary, inter alia, said (at p.
275):
"The same clause which grants the appeal, limits it to be taken within sixty days, * * *. If it be an appeal, it was not taken within the requisite sixty days, and this court is therefore equally without jurisdiction to entertain it."
The petitioner contends that section 18 of the Inheritance Tax law, and the decision in In re Budell's Estate, supra, are not applicable to the instant case. It claims that paragraph 15 of the Inheritance Tax law governs the present situation, particularly that portion of the paragraph which reads "provided that all such applications for the repayment of such tax shall be made within two years from the date of such payment." This proceeding was initiated within the statutory period of two years. Petitioner denies that this proceeding is in the nature of an "appeal from an assessment" of the state tax commissioner under section 18 of the Transfer Inheritance Tax act (P.L. 1909ch. 288, as amended by P.L. 1931 ch. 303 § 12), which provides for appraising, computing and assessing a tax, and gives "any person or corporation dissatisfied with said appraisment or assessment" the right to appeal therefrom to the ordinary within sixty days upon filing a bond, c.
The petitioner argues that the tax was imposed by the adoption of a fundamentally wrong principle, and states that section 15 permitting application within two years for refund of a tax paid "in error" was intended to remedy a situation *Page 38 
such as appears in the instant case. It seems to me that section 15 of the Inheritance Tax act is based upon a sound policy which enables the state to collect taxes of limited amounts, and at the same time gives an assurance to the taxpayer that if the tax were paid through error, then the amount paid thereunder would be returned; provided, of course, the application for its return were made within two years.
Section 18 of the Inheritance Tax act limits appeals to sixty days in a particular class of cases, to wit, valuation matters. I do not believe that the method of procedure mentioned in section 18 of the act applies to the instant case. It appears to me that there is no sound reason why the petitioner should be required to file a bond, as specified in section 18, when the tax assessed was paid in full, in cash, and the petition prays a refund of the moneys so paid.
Section 20 of the Inheritance Tax act, in my opinion, clothes this court with power to afford relief. Section 21 of the act says "the subsequent proceedings * * * shall conform to the practice prevailing in the prerogative court." This proceeding is not an appeal from an assessment under section 18 of the State Inheritance Tax act. The petitioner comes into this court definitely under the provisions of section 20 of the State Inheritance Tax act, and its petition, as above observed, so alleges.
"Where an assessment is wholly void for want of jurisdiction, the taxpayer need not apply to the board of equalization or other body to have it set aside, but he may bring an action to recover the amount paid, and a like rule has been applied when a tax was paid through mistake." 61 C.J. 983 § 1261.
I believe the inheritance tax commissioner was wholly without jurisdiction in the case sub judice.
Upon the filing of the petition herein, due notice was given the respondent, in accordance with the provisions of the statute.4 Comp. Stat. p. 4957. The notice was served with the order to show cause allowed upon the filing of the petition herein. The petitioner contends that the respondent's appearance in this suit, and his argument, through a memorandum filed herein, is an acknowledgment by him of the *Page 39 
regularity of the procedure followed by the petitioner. Doan v.Collins-Doan Co., 122 N.J. Eq. 399. It is my opinion that the procedure followed by the petitioner in instituting these proceedings in this court is correct.
A case in which the facts are substantially similar to the instant case, was decided (April 27th, 1937) by the New York court of appeals in In re Brown, 274 N.Y. 10. In that case, it appears that a trust was created by a resident of the State of Colorado while domiciled therein; the trust indenture and thecorpus of the trust were deposited with a Colorado trustee, whose domicile and residence were in Denver, Colorado; the trust estate, in the main, was administered in Denver, Colorado, from the time of its creation in 1924; the intent of the settlor was that the trust res was and should remain in the State of Colorado, and there be administered both before and after her death; that its location never changed; that there had been no change in the terms or character of the trust or of the obligations of the trustee since its creation, and that no such change could be made except in the domicile of the trustee. The court held "the state has no power to tax property located beyond its jurisdiction." The respondent carried the matter to the United States supreme court, which tribunal, on October 18th, 1937, denied a writ of certiorari.
The New Jersey Transfer Inheritance Tax act is in many respects the same as the New York statute. Bugbee v. Van Cleve,100 N.J. Eq. 263.
Somewhat supporting the principles presented in the instant case, is the opinion of the court of errors and appeals of this state in the case of McClurkan v. Bugbee, 106 N.J. Law 192.
Mr. Justice Case, speaking for the court, there said in part (atp. 198): "We think that the legislature did not intend to extend its taxing power to a transfer, the single tenuous connection of which with this state is that the donor died a resident thereof, having meanwhile been the recipient of the income."
I believe the petitioner is entitled to the relief it seeks. I shall advise an order to that effect. *Page 40