The petition of United Retail Employees of Newark, New Jersey, Local No. 108, a labor organization affiliated with U.R.E. of America, C.I.O., of Newark, New Jersey, one of the defendants in the above entitled cause sets forth that a bill of complaint was filed May 19th, 1938, to enjoin the defendants from picketing the store of complainants at 228 Market Street, Newark; that on the 10th day of January, 1939, a decree to which the solicitor of the defendant-petitioner affixed his consent was entered enjoining the defendant-petitioner from "loitering or picketing in the street around the highways or business place in or near and about the store operated by the complainant * * * located at No. 228 Market Street, Newark, N.J.," and from "ordering, commanding, directing or persuading in any manner, person or persons not defendants in this suit to violate the provisions of this Order or any other Order which may be made in these proceedings. * * *"
The petition is dated March 17th, 1943, at which time an order to show cause was issued returnable March 30th, 1943. The petition alleges that at the time of the entry of the final decree it was considered by this court to be lawful constitutionally to enjoin and restrain peaceful picketing in the absence of a relation of employer and employee between the party picketed and the persons picketing, but that since that time the United States Supreme Court decided in Thornhill v. State ofAlabama, 310 U.S. 88; 84 L.Ed. 1093; Carlson v. State ofCalifornia, 310 U.S. 106; 84 L.Ed. 1105; Cantwell v.Connecticut, 310 U.S. 296; 84 L.Ed. 1213; American Federation ofLabor v. Swing, 312 U.S. 321; 85 L.Ed. 855, "no restraint against peaceful picketing could constitutionally be granted." Also that since the entry of said decree *Page 297 
the legislature of this state has by Chapter 15, Pamph. L.1941, declared the public policy of this state to be against the restraint awarded by the final decree in this cause.
The petition prays that the final decree thus entered be terminated or dissolved; that it be amended by inserting a provision limiting the duration of the restraints thereby imposed to a period of time since expired; that said decree be opened, vacated and set aside and that hearing be had "pursuant to the provisions of chapter 15 of the laws of 1941, for the purpose of enabling the court to decide whether the restraints in said final decree should be continued or dissolved or terminated, and if continued, then to what date and at which time it shall expire and terminate" and that the petitioner be granted leave to file a bill of review with appropriate prayers and awarded such other relief as may be agreeable to equity and good conscience.
The present proceeding therefore is, in essence, a bill of review, even though entertained by the court on petition and order to show cause. Such a bill will not lie after the time for appeal has expired, unless it can be brought within the exception of newly discovered evidence or some special equity that will give the court the discretionary power to make the order.Watkinson v. Watkinson (Court of Errors and Appeals),68 N.J. Eq. 632; 60 Atl. Rep. 931. In the instant case the right of appeal has long since expired. Moreover, it is well established law that a subsequent, different, legal decision, as here, does not amount to new matter in pais, discovered since the decree complained of, as to justify a bill of review. Miller v.McCutcheon (Court of Errors and Appeals), 117 N.J. Eq. 123,129; 175 Atl. Rep. 155.
The order to show cause will be discharged and the petition dismissed. *Page 298