71 N.J. Super. 583 (1962)
177 A.2d 609
STATE OF NEW JERSEY, PLAINTIFF,
v.
JAMES LONG, ALSO KNOWN AS SONNY LONG, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division  Criminal.
Decided January 24, 1962.
*584 Miss June Strelecki, Assistant Prosecutor of Essex County, for the plaintiff (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney; Miss June Strelecki on the brief).
Mr. Charles A. Stanziale, for defendant.
MASUCCI, J.C.C.
Defendant James Long was convicted on January 22, 1960 after a trial by jury on two indictments charging violations of N.J.S. 2A:112-3, to wit, bookmaking and the keeping of a gambling resort. The judgment of conviction was affirmed by the Appellate Division, 67 N.J. Super. 207. Defendant is presently incarcerated in New Jersey State Prison serving a sentence imposed by this court on March 24, 1960.
At the trial the State introduced evidence that was obtained from defendant's apartment while he was absent there from, and admittedly without a search warrant. Defendant neither made a motion to suppress such evidence before trial nor did he object to the admission of the same at trial. Now, for the first time, he contends that such evidence was obtained through an unlawful search and seizure and is therefore inadmissible because of the recent U.S. Supreme Court decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
Defendant now moves for a new trial on the ground that (1) the Mapp decision constitutes newly discovered evidence, and (2) the Mapp decision should be given retroactive effect.
Defendant cites no authority for his contention that a subsequent legal decision is "newly discovered evidence," and the law in New Jersey is to the contrary. Our Court of Errors and Appeals stated in Miller v. McCutcheon, 117 N.J. Eq. 123 (E. & A. 1934)
"The great weight of authority is that a subsequent, different, legal decision, as here, does not amount to new matter in pais, discovered since the decree complained of, as to justify a bill of review."
*585 In support of his contention that the Mapp decision should have retroactive effect, defendant cites Johnson v. State, 18 N.J. 422 (1955). However, the decision in the Johnson case is inapplicable to the case at bar. There a prior decision declaring a statute unconstitutional was overruled and the statute held to be constitutional. Such a decision would necessarily have retroactive effect back to the date of the enactment of the statute.
The instant case presents a different situation. In Mapp the U.S. Supreme Court is for the first time enforcing the so-called "exclusionary rule" against the states, which prior thereto the same court had refused to so enforce, notwithstanding its application in the federal courts. Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949). This new and further safeguard of the constitutional right of freedom from unreasonable searches and seizures does not necessarily require retroactive application, as in Johnson v. State, supra. On the contrary, the language of Justice Clark, writing for the majority in Mapp, at page 1694 of 81 S.Ct.:
"* * * we can no longer permit that right to remain an empty promise. * * * we can no longer permit it to be revocable at the whim of any police officer * * *." (Emphasis supplied)
indicates that the rule of Mapp should be applied prospectively. A further indication that the rule need not be applied retroactively is the language of Justice Clark in note 9 on page 1693 of 81 S.Ct., to wit:
"As is always the case, however, state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected."
This latter language in itself supports a denial of the defendant's motion solely on the ground that he failed to make a timely motion pursuant to R.R. 3:5-3 of the rules of court of New Jersey.
*586 Though the question of application of Mapp need not be decided in light of the defendant's failure to make timely objection, this court nevertheless finds that Mapp should not be applied retroactively.
The rationale of the decision of the United States Court of Appeals in Warring v. Colpoys, 74 App. D.C. 303, 122 F.2d 642, 136 A.L.R. 1025 (D.C. Cir. 1941), is applicable to the case at bar. There the court affirmed the discharge of a petition for habeas corpus where the petitioner had been convicted pursuant to a U.S. Supreme Court interpretation of a statute, although the court had subsequent to the conviction overruled its prior decision. In refusing to give retroactive effect to the overruling decision the Court of Appeals held that the application of a change in the law, i.e., whether it shall have prospective or retrospective application, should be based on various considerations, namely a realization that
"* * * law is not a pure science, that law loses its vital meaning if it is not correlated to the organic society in which it lives, that law is a present and prospective force, that law needs some stability of administration, that the law is all the law there is, that law is more for the parties than for the courts, that people will rely upon and adjust their behavior in accordance with all the law be it legislative or judicial or both." (Emphasis supplied)
It must be borne in mind that the defendant in the instant case was convicted after a fair and impartial trial and the evidence, obtained from the search and seizure complained of, was legally admissible at that time. See Wolf v. Colorado, supra.
To give retroactive effect to Mapp and grant new trials to defendants already convicted, after fair and impartial trials, would be in complete disregard of the considerations set forth in Warring v. Colpoys, supra.
Accordingly, the defendant's motion is denied.