RIMM, J.T.C.
This is a transfer inheritance tax matter in which defendant moves for summary judgment dismissing the complaint filed in this matter on May 17,1994, on the ground that it was not filed in a timely manner. The tax was imposed in accordance with N.J.S.A 54:34-1, transfers taxable, and N.J.S.A 54:34-2, rates of taxation. Defendant’s motion is made pursuant to N.J.S.A. 54:34-13, appeal from appraisal or assessment, which provides as follows:
Any interested person dissatisfied with the appraisement or assessment so made may appeal therefrom to the tax court within 90 days after the making and entering of the assessment, in accordance with the provisions of the State Tax Uniform Procedure law, R.S. 54:48-1, et seq.
The State Tax Uniform Procedure law, as applicable, provides:
Except as otherwise provided in this section, all complaints shall be filed within 90 days after the date of the action sought to be reviewed.
[N.J.S.A 54:51A-14.a.]
To the same effect is R. 8:4-1, which provides in pertinent part as follows:
The time within which a complaint may be filed in the Tax Court is as follows:
*53 (b) State tax matters. Complaints seeking to review actions of the Director of the Division of Taxation, ... shall be filed within 90 days after the date of the action to be reviewed.
Since the facts on the basis of which defendant seeks a summary judgment are not in dispute, the matter may be disposed of on the motion.
On November 28, 1990, Elmer William Ludtke, the father of Eileen Gifford, plaintiff in this matter as executrix of his estate, endorsed a stock certifícate for 10,000 shares of Illinois Power Company in blank. His signature was properly guaranteed. A new certificate for 10,000 shares was thereafter issued in the name of Eileen Gifford, his daughter, and Robert Gifford, her husband, as joint tenants. Elmer William Ludtke died on May 7, 1991.
On January 29, 1992, the Estate of Elmer Ludtke filed a Transfer Inheritance Tax Form L-2, Report and Appraisal, with the Transfer Inheritance Tax Branch. The return indicated that no tax was due because all of Mr. Ludtke’s property was jointly held with his wife, Catherine M. Ludtke. The Branch also obtained a copy of Form 709, United States Gift (and Generation — Skipping Transfer) Tax Return, which indicated that the decedent transferred 10,000 shares of Illinois Power Company stock to “Robert and Eileen Gifford, daughter and son-in-law” on December 24, 1990. At the time the L-2 was submitted, it had been superseded by Transfer Inheritance Tax Form IT-R, Inheritance Tax Return Resident Decedent, in accordance with N.J.A.C. 18:26-9.3. It was, however, the policy of the Branch to complete the first page of the new form from the information contained on the old form, date stamping the first page of the new form with the same receipt date on the old form and then attaching the first page of the new form to the pages of the old form actually submitted. This was done instead of rejecting the old forms and delaying the inheritance tax process, and it was done in this case. However, the IT-R form treated the gift to the decedent’s son-in-law reported on Form 709 as a gift in contemplation of death under N.J.S.A. 54:34-l.e. and reflected a tax due of $7,906.25.
*54 A notice of assessment in the Estate of Elmer William Ludtke was sent to Eileen Gifford on March 5, 1992. The notice of assessment read in part as follows:
This is a current statement on your account, as of 03/05/92. It is based upon an audit of the return filed and reflects any audit adjustments made by the Division.
Date Received: 01/30/92 Current Balance
1. Total Tax due $7,906.25
2. Interest to 03/20/92 158.12
3. Total amount due $8,064.37
4. Less amount paid 0.00
5. Refunds previously issued 0.00
6. Balance due $8,064.37
SEE REVERSE FOR INTEREST EXPLANATION AND APPEAL RIGHTS PAY BALANCE DUE BY 03/20/92. IF NOT PAID BY 04/20/92 ADDITIONAL LATE PAYMENT INTEREST WILL ACCUMULATE IN THE AMOUNT OF $2.17 PER DAY.
The reverse of the notice of assessment notified the addressee that she could apply for a review of the notice by the Transfer Inheritance Tax Branch by sending a written request within 90 days of the date of the notice. The address of the Branch was given. The notice also said, “If you do not pay your tax liability or request a review within the 90-day period, collection proceedings will begin.” In addition, the notice stated that a complaint might be filed with the Tax Court of New Jersey and the address of the court was given. The notice also said that the addressee could obtain a form and a copy of the rules for the filing of a complaint by writing to the address given for the Tax Court. Thereafter, a second notice of assessment was sent on June 4, 1992 changing only the amount of interest due and indicating interest was due to June 20, 1992 in the amount of $357.41.
On October 16, 1992, for the first time, and 225 days after the March 5, 1992 assessment date and 134 days after the Division notified plaintiff a second time of the March 5, 1992 assessment, plaintiff contacted the Division by a letter written by her brother-in-law, an accountant in Pennsylvania. He stated that the entire estate of Elmer William Ludtke had gone to Catherine M. Ludtke,
*55 Elmer’s wife, and that, therefore, no transfer inheritance taxes were due the State of New Jersey. The letter did not request a review in accordance with the notice of assessment which advised the taxpayer that a review had to be requested within 90 days. The letter did not comply with N.J.A.C. 18:26-12.9 which, as of March 5, 1992, provided in pertinent part as follows:
(a) An application for the review of any assessment, appraisement, decision or final determination of the Transfer Inheritance Tax Bureau, may be made within the 90 day period in which an appeal therefrom may be filed: ____
[12 N.J.B. 354] [1]
At no time within 90 days of the assessment dated March 5, 1992, did plaintiff either file a protest and request a hearing pursuant to N.J.A.C. 18:26-12.9 or file a complaint with the Tax Court in accordance with N.J.S.A. 54:34-13.
Even though the letter of October 16, 1992, was sent well beyond the 90-day period from March 5, 1992 for filing a protest and requesting a hearing or for filing a complaint in the Tax Court, the Division responded that, because of the transfer of the Illinois Power Company stock, “the tax bill is deemed correct.” There then followed correspondence between the Division of Taxation and the taxpayer, and the taxpayer paid the sum of $8,660.05, as to which payment the Division of Taxation refunded $8.66 on account of the overpayment of interest. Thereafter, by letter dated January 28,1993, plaintiff requested a refund of the tax paid in the amount of $8,651.53. On February 24, 1993, the Division replied to the letter of January 28,1993 indicating that “the estate *56 remains closed.” On February 27, 1993, the plaintiff again requested a refund. Once again on April 15, 1993, the Division responded that “this estate remains closed.”
Plaintiff concedes that statutes of limitations are to be strictly construed. Indeed, “[i]t is a Veil established principle that statutes of limitation applicable to suits against the government are conditions attached to the sovereign’s consent to be sued and must be strictly construed.’ ” H.B. Acquisitions v. Director, Div. of Taxation, 12 N.J.Tax 60, 65 (Tax 1991) (quoting Kreiger v. United States, 539 F.2d 317, 320 (3d Cir.1976)). However, plaintiff claims that in this case the Division of Taxation made its final determination on March 14, 1994. She bases this contention on the fact that the taxpayer was led to believe that the final determination in this matter would be held open until certain additional information was obtained by the Division. Plaintiff also argues that the action of the Division from which an appeal could be taken by the filing of a complaint with the Tax Court should not be the notice of assessment of March 5, 1992 because that notice of assessment did not inform plaintiff that it was a final determination.
Plaintiffs arguments are rejected. No appeal was filed within 90 days of the assessment in accordance with N.J.S.A. 54:34-13. No protest and request for a hearing as provided in N.J.A.C. 18:26-12.9 was made within 90 days of the making of the assessment. The time for appeal from the determination of the Director of the Division of Taxation by the filing of a complaint with the Tax Court expired on June 6,1992, some 132 days before plaintiff first contacted the Division and almost two years before the date of the filing of the complaint on May 17,1994. “N.J.S.A 54:51A-18 provides express authorization for calculating the limitation period in accordance with court rules.” Holmdel Tp. v. Dir., Div. of Taxation, 12 N.J.Tax 112, 117 (App.Div.1991), aff'd, 130 N.J. 522, 617 A.2d 656 (1992) (emphasis added).
Once the 90-day period ended, the taxpayer had no further right to challenge the assessment. Plaintiff contacted defendant *57 for the first time on October 16, 1992, well beyond the time to request a hearing before the Director or to file a complaint in the Tax Court. She cannot be heard to claim that she was misled in any way by any subsequent correspondence from the Director nor that she relied on any correspondence or information received from the Director or any action taken by the Director after the 90-day period to protest or appeal had expired without plaintiff taking any action. If plaintiffs argument were accepted, a taxpayer could correspond with the Director over a long period of time after failing to comply with the statutory and regulatory time requirements for protest or appeal and could thereby frustrate the timely filing requirements of Title 54. The obligation for the payment of transfer inheritance taxes became fixed once the 90-day period for an appeal passed.
The Director’s assessment became a final determination once the 90-day protest period had passed. Otherwise, as Judge Andrew so succinctly put it in Peoples Express Co. v. Director, Div. of Taxation, 10 N.J.Tax 417, 424 (Tax 1989), “a taxpayer could control the time-frame within which an appeal would be appropriate. This would be counterproductive to the essential legislative purpose in the enactment of any statute of limitations.”
As the court stated in Holmdel Tp., supra, 12 N.J.Tax at 115, statutory time prescriptions for the filing of an appeal constitute a non-relaxable subject matter, jurisdictional requirement. A time limit prescribed by statute is a jurisdictional prerequisite not subject to court rule modification. F.M.C. Stores Co. v. Borough of Morris Plains, 195 N.J.Super. 373, 382, 479 A.2d 435 (App.Div. 1984), aff'd, 100 N.J. 418, 495 A.2d 1313 (1985).
These statements of the law on time requirements for filing complaints with the Tax Court apply with equal force to the transfer inheritance tax, and plaintiff has given no authority to the contrary.
Although this is the first case before the Tax Court on the timely filing of a complaint involving the transfer inheritance tax, the issue has been previously decided under the Transfer Inheri *58 tance Tax Act, L. 1909, c. 228, as amended, the basis of our present act. A tax was assessed against the estate on September 30, 1924 in In re Budell, 100 N.J.Eq. 273, 134 A. 552 (Prerog.Ct.1926). The tax was paid on December 16, 1924, and a petition challenging the assessment was filed on May 4, 1926. In granting the motion to dismiss the petition, the court said that Section 18 of L. 1909, c. 228, limits the right of appeal to 60 days from “the making and filing of the assessment.” Id. at 274,134 A. 552. This statutory provision is the source of N.J.S.A. 54:34-13. The court said, “[t]he jurisdiction of this court in the matter is solely statutory and limited strictly by the provisions of the statute____ [The appeal] was not taken within the requisite sixty days, and this court is therefore ... without jurisdiction to entertain it.” Id. at 275, 134 A. 552.
Plaintiff also argues that she had three years from the date of payment of the tax to file a refund claim pursuant to N.J.S.A. 54:35-10. In essence, plaintiff claims that N.J.S.A. 54:35-10 applies to this case instead of N.J.S.A 54:34-13. Peoples Express, supra, 10 N.J.Tax 417, addressed a similar argument. In that case, the taxpayer wanted to utilize N.J.S.A 54:49-14, which allowed two years to file a refund claim because the complaint was filed beyond the required date set forth in N.J.S.A 54:10A-19.2, one of the provisions of the Corporation Business Tax Act, which states: “any aggrieved taxpayer may within 90 days after an action of the Director ... appeal therefrom to the Tax Court____” The court held that the taxpayer had 90 days from the date the Director issued the estimated tax assessment to protest and request a hearing or file a complaint with the Tax Court. The court explained the primary distinction between N.J.S.A 54:49-14 and N.J.S.A 54:10A-19.2. N.J.S.A 54:49-14 applies to taxes that are calculated and paid by the taxpayer, and the taxpayer subsequently discovers an error was made and claims that a refund is due. N.J.S.A 54:10A-19.2 applies when the Director has taken some action against the taxpayer and provides for 90 days to appeal. The reason for allowing only 90 days to appeal pursuant to N.J.S.A 54:10A-19.2 is that when the Director takes some *59 action against the taxpayer, the taxpayer is given actual notice of the Director’s action in determining the tax liability. Therefore, the taxpayer is given a specific date from which the appeal begins to run. However, in the situation of taxes calculated and paid by the taxpayer, the taxpayer does not have notice from the Director of the overpayment. Therefore, the Legislature afforded more time for the taxpayer to discover an error when he has mistakenly determined his own liability.
Plaintiff is attempting to utilize a refund claim statute, as plaintiff attempted to do in Peoples Express, supra, to extend the time for filing a complaint challenging an assessment made by the Director. Since the Director determined the tax liability of plaintiff and put her on notice of the Director’s action with the Notice of Assessment dated March 5, 1992, plaintiff cannot rely on the limitation period set forth in N.J.S.A. 54:35-10. The refund statutes apply only to taxes which are mistakenly calculated and paid by the taxpayer.
The basis of the result in Peoples Express, and in the present case on the issue of a refund claim, is Vicoa, Inc. v. Dir., Division of Taxation, 166 N.J.Super. 496, 502-503, 400 A.2d 105 (App.Div.1979) in which the court said:
We agree with the Director that reconciliation of the two statutory provisions requires that the refund provision should only apply in those cases in which the Director has not made a determination. This is a logical view and is consistent with the statutory scheme and in line with judicial interpretations of the three-month appeal provision of N.J.S.A. 54:10A-19.2(a). See Clairol, Inc. v. Kingsley, 109 N.J.Super. 22, 25 [262 A.2d 213] (1970), aff'd 57 N.J. 199 [270 A.2d 702] (1970).
It is reasonable that a corporation which pays taxes on the basis of its own calculations should have a longer interval within which to discover an error and to claim a refund. On the other hand, it is just as reasonable to require a corporation which desires to contest a determination of the Director to have a comparatively shorter interval within which to do so. To interpret the statutes as appellant argues for all practical purposes would convert the three-month period under N.J.S.A 54:10A-19.2(a) into a much greater period in any case where the corporate taxpayer wants to extend the time. This would result in the former statute’s being practically a nullity — a result which should not be tolerated.
Plaintiff failed to file a protest with the Director or a complaint with the Tax Court within 90 days of the Notice of Assessment dated March 5,1992. Plaintiff has not complied with the require *60 ments of N.J.S.A. 54:34-13 for filing a complaint with the Tax Court. Defendant’s motion for summary judgment is granted, and plaintiffs complaint is dismissed.

 N.J.A.C. 18:26-12.9 was amended effective December 19, 1994 to prescribe the form of the protest and the information to be submitted when a protest is made. The amended regulation also contains the 90 day requirement. The regulation now refers to N.J.S.A. 54:49-18 and the 90 day period provided for in that statute. This 90 day statutory period was effective July 1, 1993 as part of the Taxpayer’s Bill of Rights, L. 1992, c. 175. Prior to the Taxpayer's Bill of Rights, N.J.S.A. 54:49-18 provided for only a 30 day period within which to file a protest. However, given the time periods involved in this matter, I do not have to reconcile the conflict between the 30 day period in the earlier version of N.J.S.A. 54:49-18 and the 90 day period in NJA.C. 18:26-12.9. The taxpayer, delinquent under the 90 day period which I have used, is certainly delinquent under the 30 day period.