134 N.J. Super. 307 (1975)
340 A.2d 676
IN RE: ESTATE OF EDWARD WIDENMEYER, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1975.
Decided May 28, 1975.
*308 Before Judges HALPERN, CRAHAY and WOOD.
*309 Mr. Joseph J. MacDonald argued the cause for appellant Sylvia Rohr Casale, executrix of the Estate of Edward Widenmeyer, deceased (Messrs. Harrison, Hartman & MacDonald, attorneys; Mr. MacDonald of counsel).
Mr. Harry Haushalter, Deputy Attorney General, argued the cause for respondent Transfer Inheritance Tax Bureau (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Richard M. Conley, Deputy Attorney General, of counsel; Mr. Haushalter on the brief).
The opinion of the court was delivered by WOOD, J.S.C., Temporarily Assigned.
This is an appeal by Sylvia Rohr Casale, executrix of the estate of Edward Widenmeyer, deceased, from a determination of the Transfre Inheritance Tax Bureau which denied to appellant the status of a "Class A" beneficiary under N.J.S.A. 54:34-2 (prescribing rates of taxation) on the ground that she was not the wife of decedent and was therefore classified as a "Class D" beneficiary, resulting in the taxation of property passing to her under the will at a higher rate. The Bureau also disallowed the inclusion of the value of part of decedent's real estate in the computation of the base from which the executrix' commission is computed.
The facts are substantially undisputed. Sylvia Rohr Casale married one Guido Casale in a civil ceremony in New York on July 14, 1923. A daughter, Jeannette (Now Mrs. Veraldo), was born in 1924. A son, Stephen, was born in 1928. The family moved to Montvale in 1930. In 1932 Casale left his family and moved to Brooklyn, New York, where he took up residence with another woman. Although never served with notice of any divorce action, appellant "assumed" that Casale had obtained a divorce and remarried.
Sometime between 1935 and 1937 appellant began living with decedent Edward Widenmeyer. He moved into her house and they continued cohabitation until his death. They held themselves out as husband and wife, and were so considered *310 by their neighbors and friends and by appellant's children. They were never ceremonially married. In 1950, being uncertain whether her marriage to Casale had been dissolved, appellant instituted divorce proceedings, obtaining personal service on Casale in this State. Final judgment of divorce was entered in the Superior Court on August 17, 1950.
In 1939, by N.J.S.A. 37:1-10, common law marriages were abolished in New Jersey, and all such marriages since that time have been and are illegal and void. Nevertheless, appellant claims that she was the wife of decedent by virtue of a valid, common law marriage. She contends that when she and decedent commenced cohabitation prior to 1939 they did so with the bona fide intent of becoming and remaining husband and wife and that, but for the impediment of her prior existing marriage, they would have had a valid common law marriage. She contends, further, that upon her obtaining judgment of divorce, their intent "related back" to the commencement of their cohabitation, resulting in a valid common law marriage then existing between her and decedent. We cannot agree.
It is clear that when appellant and decedent began living together she knew of the impediment which existed in connection with her undissolved marriage to Casale. Had that impediment been removed prior to the enactment of N.J.S.A. 37:1-10, or had the impediment been one of which the parties were unaware, there would have resulted a common law marriage. Dacunzo v. Edgye, 19 N.J. 443 (1955). In this case, however, the impediment was known to the parties. Hence they could not validly have intended or undertaken a common law marriage prior to 1939. When the impediment was at last removed, the barrier of the statute had been raised. Therefore, there was never a time when appellant and decedent could have intended or joined in a valid common law marriage.
Appellant contends in the alternative that, even if not the common law wife, she was the de facto wife of decedent *311 and entitled to recognition as such and to the status of a "Class A" beneficiary. Parkinson v. J. & S. Tool Co., 64 N.J. 159 (1974). The contention is without merit. Parkinson dealt with a woman who was living with a man in what they both thought was a legal relationship, and who sued to recover death benefits under the Workmen's Compensation Act. The Supreme Court held that, for purposes of the Workmen's Compensation Act, she was considered decedent's legal wife and it allowed compensation. The court, however, carefully limited its holding to the factual situation before it. That situation is not at all analogous to the present case. Not only is the element of good faith in the relationship lacking, but the broad protective policies of the Workmen's Compensation Act are not subserved in this situation where what is sought is simply a lower rate of taxation of an inheritance transfer.
Finally, appellant contends that the Bureau erred in disallowing as a deduction commissions which had been computed on approximately $90,000 worth of realty which was devised to appellant's daughter. Under N.J.S.A. 54:50-1 and the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq., the Director of the Division of Taxation promulgated N.J.A.C. 18:26-7.10(d), which provides that executors' commissions are not allowed on real estate specifically devised except where the personal estate is not sufficient to pay the debts and costs of administration of the estate. Appellant attacks this regulation as invalid. We disagree. The validity of the regulation has recently been upheld. In re Talakowitsh, 127 N.J. Super. 290 (App. Div. 1974).
Our cases uniformly hold that whenever there is sufficient personalty to pay decedent's debts, and real estate is specifically devised, title passes directly to the devisee and not through the executor. There is no proof here that the sale of this real estate was necessary to pay decedent's debts.
The determination of the Transfer Inheritance Tax Bureau is affirmed.