RIMM, J.T.C.
This is a transfer inheritance tax matter in which the Director, Division of Taxation, moves for summary judgment. The Director contends that the complaint must be dismissed under N.J.S.A. 54:34-13 and N.J.S.A. 54:49-18(a) because plaintiff neither protested the Director’s assessment nor filed a complaint in the Tax Court to challenge the assessment within ninety days of the date the assessment was made.
I
The decedent, Lois M. Eckel, died on September 28,1991. Her Last Will and Testament named plaintiff, Louis B. Off, as her sole beneficiary and the executor of her estate. On September 1,1992, approximately a year after the date of death, plaintiff filed a New Jersey Transfer Inheritance Tax Return. The return indicated that $151,687 was due for transfer inheritance taxes. The calculations resulting in the indicated taxes involved a deduction against the assets of the estate for claimed executor’s commissions in the amount of $39,981.12.
On January 7,1993, the Director sent a notice of assessment to plaintiff indicating that, based on an audit of the return filed, the amount of tax due was increased by $3,528.86 from $151,687 to $155,215.86. The tax increase was due to the Director’s reduction from $39,981.12 to $17,250.63 of executor’s commissions allowed as a deduction on the tax return. A notation on the analysis of tax attached to the assessment notice stated as follows: “Not allowed on real property, N.J.A.C. 18:26-7.10.” The version of that regulation then in effect provided as follows, in its entirety:
(a) In the absence of a judgment of the court exercising jurisdiction over the probate of an estate, the deduction for executor’s or administrator’s commissions shall be determined as of the date of death of decedent as follows:
*160 First $ 200,000 5 percent
Next 800,000 3½ percent
Excess over 1,000,000 2 percent
provided, however, that where the amount claimed is less than that determined by the application of the rates set forth above, only such amount as claimed shall be allowed; and provided, further, where a formal accounting is not to be filed that, if in the discretion and judgment of the Director, it should appear that the claim for an allowance of executor’s or administrator’s commissions is in an amount greater than that which results from application of the above rates, he shall allow such amount as is deemed appropriate after having considered the risk, pain and trouble experienced by the fiduciary in the discharge of his or its duties and in this connection the fiduciary shall file an affidavit of services rendered in support of the claim.
(b) Where a formal account is filed and the amount allowed by the court for executor’s or administrator’s commissions is greater than the amount previously fixed by the Branch, the fiduciary is to forward a plain copy of the judgment allowing commissions and upon revision of the assessment there shall be applied the rate used by the court to the value, as of the date of death as determined by the Inheritance Tax Branch of the property on which the allowance of the court is based, but the value of any property excluded from the New Jersey Transfer Inheritance Tax shall be excluded from the computation.
(c) The value of property which is held by the decedent and another as joint tenants with right of survivorship, as trustee for, or payable on death to another or which has been the subject of an inter vivos transfer, in contemplation of, or to take effect in possession or enjoyment at or after death, is to be excluded from the amount on which an executor’s or administrator’s commissions is computed in the absence of the judicial allowance thereon.
(d) Executor’s or administrator’s commissions are allowed on real estate that is actually sold by the executor or administrator or which is expressly directed to be sold by the terms of the decedent’s will. The real estate must be sold by the representative and not the beneficiary(s) in order to qualify.
(e) In the absence of a judgment of the court exercising probate jurisdiction over the estate, and the filing of a plain copy thereof with the Bureau, the provisions of N.J.S.A. 3A:10-2, shall not be considered in the determination of the amount allowable as a deduction.
[N.J.A.C. 18:26-7.10; See 23 N.J.R. 2320(a).]
There was another small adjustment made by the Director to plaintiffs return which is de minimis and is not the subject of any dispute between the parties.
Included in the notice of assessment was information regarding the taxpayer’s appeal rights indicating that the taxpayer could apply for a review of the notice of assessment by sending a written request to the Director or by filing a complaint with the Tax Court within ninety days of the notice. The information conforms with N.J.S.A. 54:34-13 which reads as follows:
*161 Any interested person dissatisfied with the appraisement or assessment so made may appeal therefrom to the tax court within 90 days after the making and entering of the assessment, in accordance with the provisions of the State Uniform Procedure Law, R.S. 54:48-1 et seq.
The information provided on the assessment notice also conforms with the applicable provision of the State Uniform Procedure Law, N.J.S.A. 54:49-18(a), which provides, in pertinent part, as follows:
If any taxpayer shall be aggrieved by any finding or assessment of the director, he may, within 90 days after the giving of the notice of assessment or finding, file a protest in writing signed by himself or his duly authorized agent, certified to be true, which shall set forth the reason therefor, and may request a hearing. Thereafter the director shall grant a hearing to the taxpayer, if the same shall be requested, and shall make a final determination confirming, modifying or vacating any such finding or assessment.
During the ninety days following the date of the notice of assessment, plaintiff neither protested the assessment with the Director nor filed a complaint with the Tax Court. Accordingly, on June 15,1993, over five months after the assessment was made, defendant sent plaintiffs counsel a letter informing him that, unless the unpaid tax liability was satisfied on or before August 15,1993, defendant would institute collection efforts.
By letter dated June 22, 1993, plaintiffs counsel, for the first time, informed defendant that he believed that the assessment was erroneous and that the taxpayer would “apply to the court for the approval of the Executor’s commissions and then resubmit the approved Executor’s commissions to you.” On October 19, 1993, plaintiffs counsel wrote defendant again, advising that an application would be made to the Superior Court of New Jersey, Chancery Division, Probate Part, upon completion of the federal estate tax audit and that, following approval of the executor’s commissions by the Probate Part, counsel would submit evidence of the approved executor’s commissions to defendant. On March 9,1994, defendant wrote to plaintiffs counsel asking to be apprised of the status of the matter.
Thereafter, on April 18,1994, over fifteen months after the date of assessment, an action was filed in the Superior Court of New Jersey, Chancery Division, Probate Part, Atlantic County, Docket *162 No. 80415, designated as In the Matter of the Estate of Lois Eckel, deceased, for an order allowing executor’s commissions. A copy of the federal tax return was attached to the complaint. On July 8, 1994, that court entered an order “ordering that Executor’s commissions on corpus shall be allowed to Louis B. Off in the amount of $39,981.12.” On July 14, 1994, counsel for plaintiff sent a copy of the July 8, 1994 order to the Director and requested that the return be amended to reflect commissions in the amount of $39,981.12. By letter dated July 25, 1994, defendant informed plaintiffs counsel that, because plaintiff failed to file a formal account as required by N.J.AC. 18:26-7.10(b), and, pursuant to N.J.A.C. 18:26-7.10(d), defendant was precluded from allowing executor’s commissions on the real estate.
II
On August 25,1994, plaintiff filed a complaint in the Tax Court. In the complaint, plaintiff acknowledges that the Director assessed taxes against the estate, specifically reducing the deduction for executor’s commissions from $39,981.12 to $17,250.63 based on N.J.A.C. 18:26-7.10 which does not allow executor’s commissions on real property unless sold by the executor. Plaintiff asserts, however, that the adoption of, and reliance on, N.J.A.C. 18:26-7.10 by the Director in disallowing executor’s commissions on real estate was “arbitrary and capricious,” because, as alleged in the complaint, N.J.S.A. 54:34-5, dealing with deductions to ascertain market value, does not exclude executor’s commissions on real estate as a deduction for transfer inheritance tax purposes. In effect, plaintiff challenges both the Director’s refusal to revise plaintiffs assessment in accordance with N.J.A.C. 18:26 — 7.10(b) and the Director’s initial rejection of the executor’s commissions on real estate as an allowance under N.J.AC. 18:26 — 7.10(d). Finally, the complaint demands judgment, among other things, “voiding the provisions of subparagraph D [sic] of N.J.A.C. 18:26-7.10.”
In his factual and legal contentions, made a part of the pretrial order in this matter, plaintiff contends that the computations of *163 executor’s commissions deducted from the transfer inheritance tax return were made in accordance with the provisions of N.J.S.A. 3B: 18-14, which provides for the entitlement to executor’s commissions, plaintiff claiming that the statute provides for commissions “on all corpus.”
In his brief in opposition to the Director’s motion to dismiss his complaint, plaintiff states that Gifford v. Director, Div. of Taxation, 15 N.J.Tax 51 (Tax 1995), would be dispositive of this case, requiring a grant of summary judgment, except for the provisions of N.J.A.C. 18:26-7.10(b). Gifford held that the failure of a taxpayer in a transfer inheritance tax matter to protest the assessment or to file a complaint in the Tax Court within ninety days of the assessment in accordance with N.J.S.A. 54:34-13 required the court to dismiss the complaint. In the instant case, however, plaintiff argues that a regulation, in effect, extends the statute of limitations of N.J.S.A. 54:34-13 and N.J.S.A. 54:49-18(a) and gives him additional time within which to challenge the Director’s assessment.
Plaintiff argues that the provisions of N.J.A.C. 18:26-7.10(b) give him the right to disregard the time limitations of N.J.S.A. 54:34-13 and N.J.S.A. 54:49-18(a), to file with the Probate Part, and then to apply to the Director for a revision of the assessment by forwarding to him a plain copy of the judgment allowing commissions. Plaintiff contends that he may act under N.J.AC. 18:26-7.10(b) without any time limitation, because there is no specific time limit in that paragraph. He therefore claims that, having acted under N.J.A.C. 18:26-7.10(b), and the Director having refused to reduce the assessment, he has the right to appeal that refusal to the Tax Court.
In support of his position that he may ignore the time requirements of N.J.S.A. 54:34-13 and N.J.S.A. 54:49-18(a) and appeal the refusal of the Director to change the assessment upon plaintiffs sending the Director a plain copy of the judgment allowing commissions, plaintiff relies on Hart v. Neeld, 21 N.J. 479, 122 A.2d 611 (1956). In relying on Hart v. Neeld, plaintiff acknowledges that he is not proceeding under N.J.S.A. 54:35-10, the *164 refund statute, but that he is relying on Hart v. Neeld because that case says that a subsequent decision of the Director was appealable just as much as was the original assessment. Plaintiff argues that, in refusing to change the assessment after receipt of a copy of the Probate Part order, defendant has made a decision which is appealable by plaintiff to the Tax Court.
Ill
This case is controlled by N.J.S.A 54:34-13 and N.J.S.A 54:49-18(a). The language of the former statute provides that, after the making and entering of the assessment, any interested party dissatisfied with the assessment may appeal to the Tax Court within ninety days. The latter statute provides that, after the giving of the notice of assessment, the taxpayer has ninety days within which to file a protest in writing. The language with regard to the ninety day time requirement is plain and unambiguous; and “[wjhere statutory language is plain, unambiguous and uncontrolled by another part of the act or other legislation, a court may not give it a different meaning.” Schneider v. East Orange, 196 N.J.Super. 587, 592, 483 A.2d 839 (App.Div.1984), aff'd o.b., 103 N.J. 115, 510 A.2d 1118, cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986) (emphasis supplied); Spiewak v. Rutherford Bd. of Ed., 90 N.J. 63, 74, 447 A.2d 140 (1982). Plaintiff would have me read out of the statutes the words “within 90 days.” This I cannot do. As our Supreme Court said in Gabin v. Skyline Cabana Club, 54 N.J. 550, 258 A.2d 6 (1969), “[i]t is a cardinal rule of statutory construction that full effect should be given, if possible, to every word of a statute. We cannot assume that the Legislature used meaningless language.” Id. at 555, 258 A.2d 6. I cannot ignore the clear mandate of the Legislature. Terrace View Gardens v. Dover Tp., 5 N.J.Tax 469, 472 (Tax 1982), aff'd o.b., 5 N.J.Tax 475 (App.Div.), certif. denied, 94 N.J. 559 (1983).
In any event, there is nothing in N.J.A.C. 18:26-7.10(b) which extends the time for a taxpayer to act beyond the time limit in the statutes. While there is no express time requirement in N.J.A.C. 18:26-7.10(b), that regulation must be read together with *165 the other regulations promulgated by the Director which make clear that such a time limit exists whenever the Director makes an assessment in a transfer inheritance tax case.[1] N.J.A.C. 18:26— 12.9(a) provides that, “[i]n order to make a protest of a Transfer Inheritance and Estate Tax Branch assessment or finding within the 90 day period provided by N.J.S.A. 54:49-18, a written protest must be submitted to the Branch.” N.J.A.C. 18:26-12.12(a) provides as follows:
Any person aggrieved by any decision, order, finding or assessment of the Director or his deputies, through the Transfer Inheritance Tax Branch, may appeal therefrom to the Tax Court within 90 days from the date a final determination is made. No such appeal shall stay the collection of the tax or the enforcement of the same by entry of judgment unless security, if required pursuant to the standards and subject to the exception of subsection b of N.J.S.A. 54:49-18, approved by the *166 Director of the Division of Taxation has been furnished to the Director of the Division of Taxation.
However, even if, as plaintiff argues, the regulation could be interpreted as extending the time for a taxpayer to act after the Director makes the assessment for transfer inheritance taxes, such a regulation would be invalid. “An administrative regulation ‘does not, and could not, alter the statute.’ ” Richard’s Auto City v. Director, Div. of Taxation, 12 N.J.Tax 619, 640-41 (Tax 1992) (quoting Manhattan Gen’l Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528, reh’g denied, 297 U.S. 728, 56 S.Ct. 587, 80 L.Ed. 1016 (1936)), rev’d on other grounds, 270 N.J.Super. 92, 636 A.2d 572 (App.Div.1994), rev’d 140 N.J. 523, 659 A.2d 1360 (1995).
The Director rejected the claimed executor’s commissions on real estate by a notice of assessment dated January 7, 1993. If plaintiff believed that N.J.A.C. 18:26-7.10(d) was promulgated in violation of the Legislature’s mandate, plaintiff should have protested the Director’s decision or filed a complaint in the Tax Court in accordance with N.J.S.A 54:49-18(a) and N.J.S.A 54:34-13 within ninety days of the decision to disallow the commissions. Instead, the statutory time periods for filing a protest or a complaint passed with no action at all by plaintiff, and plaintiff is not entitled to relief in the Tax Court. See Gifford v. Director, Div. of Taxation, supra.

W

Plaintiff argues that he should not be held to a requirement that he file a formal account and obtain court approval of executor’s commissions within ninety days of the date of the assessment notice in order to be deemed to have complied with N.J.A.C. 18:26-7.10(b). Plaintiff contends that, since normally a formal account is filed after the completion of the federal estate tax audit of the estate, something that can occur months after the determination of an assessment by the Director, it would have been “impractical” to file a formal account prior to the completion of the audit.
*167 Given plaintiffs arguments, it was instructive to review the Probate Part file in the Office of the Surrogate of Atlantic County, pursuant to N.J.R.E. 201(b)(4). The file discloses the complaint which requests judgment of the court determining that the executor is entitled to executor’s commissions in the amount of $39,-981.12 in accordance with the provisions of N.J.S.A. 3B:18-14. Attached to the complaint is a copy of the United States Estate Tax Return and a New Jersey Transfer Inheritance Tax Return. There is also a certification of executor’s services in which the executor requested allowance of executor’s commissions in the amount of $39,981.12, which are calculated in accordance with N.J.S.A, 3B:18-14, the statutory provision dealing with executor’s commissions.
The order dated July 8,1994 allowing executor’s commissions on corpus to Lois B. Off in the amount of $39,981.12 is also in the file. There is no formal account in the file. Plaintiff merely filed a complaint for approval of executor’s commissions.
A “formal account” is expressly required by N.J.A.C. 18:26-7.10(b). Plaintiff concedes this fact, but argues that, by attaching his federal estate tax return to the complaint he filed with the Probate Part for the approval of executor’s commissions, he fulfilled the requirement of a formal account within the meaning of the regulation. Considering plaintiffs arguments about the need for specific language in the regulation regarding time limits for protest or appeal, it is ironic that plaintiff should advance the argument that the express requirement of a formal account should be ignored by this court.
Plaintiff could have made the exact same application to the Probate Part that he made in this case within ninety days of the date of the notice of the Director’s assessment, or he could have filed an intermediate account with the Probate Part. Whatever course of action he chose, plaintiff could have sent a letter of protest, informing the Director of plaintiffs claim and requesting the Director to wait a period of time before the filing of a formal account with the Probate Part. Such a protest might have stayed the matter pending the formal account. If the Director refused to *168 wait, plaintiff could have raised the issue by filing a complaint in the Tax Court, all within ninety days of the assessment.
Plaintiffs position would make the Director’s action in making the transfer inheritance tax assessment in this matter a nullity.
V
Hart v. Neeld, supra, also does not support plaintiffs position. The recitation of the facts in that case relating to the timeliness of the appeal from the determination of the Transfer Inheritance Tax Bureau (now the Branch) to the Appellate Division indicates that an inheritance tax report (now return) was filed by the executors. This filing, according to the opinion, resulted in the issuance of an assessment by the Bureau.
The record on appeal before the Supreme Court is still available in the State Library of New Jersey in Trenton. It discloses that, by way of the return and a supplemental affidavit, the executors reported that a total of $13,783.47 was due for transfer inheritance taxes. It appears that these taxes reported due included $13,-770.36 attributable to the inheritance of Noemie Dubar Hart. The Bureau then assessed taxes in the total amount of $14,090.98 which included the taxes attributable to the inheritance of Noemie Dubar Hart. It also appears that the Bureau made no change in the amount of transfer inheritance taxes due because of the inheritance of Noemie Dubar Hart. The executors paid the assessed taxes in full.
After the time to appeal from an assessment had expired, counsel for the executors requested a refund of inheritance taxes paid based on a claimed family relationship between the decedent and Noemie Dubar Hart. The executors contended that the taxes assessed based on the relationship between the beneficiary and the decedent should have been $3,835.18. In effect, they sought a refund of approximately $10,000. This would indicate that the refund claim was unrelated to the small increase in the assessment made by the Bureau. Therefore the application for the refund had no relation to the increase in the taxes assessed, and there is no indication in the opinion that the refund claim was not based on *169 the amount of taxes originally acknowledged to be due in the transfer inheritance tax report filed with the Bureau relating to the inheritance of Noemie Dubar Hart.
The Court stated that counsel, in making his request for a refund, “had obvious reference to N.J.S.A. 54:35-10, which provides, in substance, that a taxpayer may obtain a refund of taxes paid, at any time within three years from the date of payment of the tax, upon satisfactory proof that the amount of tax paid was in error.” Hart v. Neeld, supra, 21 N.J. at 481, 122 A.2d 611. The Court ruled that the executors had appealed from the determination denying their application for a refund in accordance with N.J.S.A. 54:35-10. The Court did not deal with N.J.S.A. 54:34-13 which provided that a taxpayer had sixty days (now ninety days) to appeal from an “appraisement or assessment” made in accordance with N.J.S.A. 54:34-12. This latter statute provided that, from the transfer inheritance tax return filed with the State Tax Commissioner (now the Director, Division of Taxation), he “shall forthwith assess and fix the cash value of the estate and levy the tax to which the same is liable and he shall give immediate notice thereof, . . . .”
Under the facts of the case, the executors had three years from payment to seek a refund under N.J.S.A. 54:35-10. On the other hand, if the Director had rejected the return as incorrect based on the inheritance of Noemie Dubar Hart and had made an assessment and levied a tax different from the amount said in the executors’ return to be due, the executors would have had only sixty days within which to act in accordance with N.J.S.A. 54:34-13.
Otherwise, the statutory provision of N.J.S.A. 54:34-13 would be meaningless. To paraphrase our Supreme Court, “[t]he right of appeal to the ... [Tax Court] is purely statutory and all applicable statutory requirements must be complied with to sustain such appeal.” City of Newark v. Fischer, 3 N.J. 488, 493, 70 A.2d 733 (1950).
The correct interpretation of the two statutory provisions must therefore be in accord with the cases following Vicoa, Inc. v. *170 Director, Div. of Taxation, 166 N.J.Super. 496, 400 A.2d 105 (App.Div.1979). This reasoning is sustained by Clairol, Inc. v. Kingsley, 57 N.J. 199, 270 A.2d 702 (1970), appeal dismissed, 402 U.S. 902, 91 S.Ct. 1377, 28 L.Ed.2d 643 (1971), in which our Supreme Court affirmed the Appellate Division for the reasons expressed in its opinion. The Appellate Division said:
The Division lacked jurisdiction to review the decisions of the Director of Taxation with respect to the years 1964 through 1966 because Clairol had not filed petitions of appeal from such decisions, a statutory prerequisite to the acquisition of jurisdiction by the Division. See N.J.S.A 54:10A-19.2; Newark v. Fischer, 3 N.J. 488,493 [70 A.2d 733] (1950).
[Clairol, Inc. v. Kingsley, 109 N.J.Super. 22, 25, 262 A.2d 213 (App.Div.1970).]
N.J.S.A. 54:10A-19.2 provides for an appeal by an aggrieved taxpayer within ninety days after any action of the Director.
In Hart v. Neeld, N.J.S.A 54:35-10 entitled the executors to apply for a refund at any time within three years of the date of payment. When the Director denied the refund application, the Court found that the taxpayer had a right to appeal that denial.
In the present case, more than eighteen months after the assessment was made by the Director, plaintiff requested a revision of the assessment made based on the Probate Part order approving the executor’s commissions, the very subject of the original assessment. When the Director denied the revision, plaintiff had no right of protest or appeal. As in any case where ninety days have passed from the date of the original assessment with no protest or appeal filed by the taxpayer, plaintiff had no further rights regarding the assessment.
Plaintiff did not protest the Director’s assessment or file a complaint in the Tax Court within ninety days of the date of the Director’s assessment notice. Defendant’s motion is granted. Plaintiffs complaint is dismissed pursuant to N.J.S.A. 54:34-13 and N.J.S.A. 54:49-18(a) and Gifford v. Director, Div. of Taxation, supra.
VI
The arguments presented by plaintiff concerning N.J.A.C. 18:26-7.10 have not been dealt with by the Tax Court before, and it is appropriate to address that regulation at this time.
*171 Whether an issue will be dealt with narrowly or expansively calls for a judge’s evaluation of many things, including the need for guidance for the bar or agencies of government or the general public. To that end, the Court may ... itself raise an issue it thinks should be resolved in the public interest, or may deliberately decide issues which need not be decided when it believes that course is warranted. [Busik v. Levine, 63 N.J. 351, 363-64, 307 A.2d 571 (1973).]
Plaintiff claims that he is entitled to deduct the full amount of commissions based on N.J.S.A 3B:18-14 and N.J.S.A. 54:34-5. The former statutory provision is in Title 3B, Administration of Estates — Decedents and Others, and reads as follows:
On the settlement of the account of one fiduciary, 5% on all corpus received by the fiduciary where corpus receipts do not exceed $200,000.00, and where corpus receipts exceed $200,000.00, 5% on the first $200,000.00, 3% on the excess over $200,000.00 up to $1,000,000.00, and 2% on the excess over $1,000,000.00 or such other percentage as the court may determine on the intermediate or final settlement of the fiduciary’s accounts, according to actual services rendered.
[N.J.S.A. 3B:18-14.]
The latter statutory provision is in Title 54, Taxation, and reads as follows, in pertinent part:
Taxes imposed by chapters 33 to 36 of this title ... shall be computed upon the clear market value of the property transferred.
In determining the clear market value of the property the following deductions and no others shall be allowed:
Administration expenses; fees of executors and attorneys, e. The ordinary expenses of administration, including the ordinary fees allowed executors and administrators and the ordinary fees of their attorneys.
[N.J.S.A. 54:34-5.]
As between the administration of an estate and the taxation of an estate, the concern here is with the taxation of an estate and hence with N.J.S.A. 54:34-5. The nature of the difference between the administration of an estate and its taxation was succinctly set forth in the Appellate Division decision, In re Estate of Talakowitsh, 127 N.J.Super. 290, 317 A.2d 371 (App.Div.1974), which dealt with an appeal from the Transfer Inheritance Tax Bureau concerning the amount of the allowable deduction for executor’s commissions in determining the estate’s transfer inheritance taxes. The court said:
The issue is whether, in the absence of a court allowance of executor’s commissions, the Director of the Division of Taxation (Director) may prescribe by regulation the amount of the allowable deduction for such commissions. We are not concerned *172 with the actual amount which the executor may receive as commissions. We are rather concerned only with the amount thereof which may be used as a deduction for purposes of computing the inheritance tax.
[Id. at 291, 317 A.2d 371.]
The regulation in effect at the time provided as follows:
In addition, executor’s or administrator’s commissions are not allowed on:
1. Real estate specifically devised, except where the personal estate is not sufficient to pay the debts and costs of administration of the estate;
2. Real estate not specifically devised, except where the personal estate is not sufficient to pay the debts and costs of the administration of the estate, or to pay pecuniary legacies.
[N.J.A.C. 18:26 — 7.10(d); See 23 N.J.R. 188(b), 189.]
The estate disputed the right of the Director to exclude the value of real estate as a basis for executor’s commissions in accordance with N.J.A.C. 18:26 — 7.10(d). The court held that the Director had promulgated his regulations in order to determine what are “ordinary” fees under N.J.S.A. 54:34-5.c in the absence of a court determination. The court further held that the suit was not to recover executor’s commissions, but was a transfer inheritance tax case, and that there was but one question before the court: what are “ordinary” fees which may be deducted for inheritance tax purposes? The court then concluded that N.J.A.C. 18:26-7.10 fixed such fees; the regulation was a reasonable regulation; and its promulgation was well within the Director’s authority.
A little over one year after the decision in Talakowitsh, the Appellate Division decided In re Estate of Widenmeyer, 134 N.J.Super. 307, 340 A.2d 676 (App.Div.1975). In that case, the Transfer Inheritance Tax Bureau also disallowed the inclusion of the value of part of the decedent’s real estate as a basis for computing the executrix’ commissions. The taxpayer attacked N.J.A.C. 18:26-7.10(d) as invalid. The court disagreed, held the regulation valid on the basis of Talakowitsh and affirmed the Bureau’s determination.
A limited grant of certification, In re Estate of Widenmeyer, 69 N.J. 80, 351 A.2d 8 (1975), brought before the Supreme Court the single narrow issue of the validity of N.J.A.C. 18:26-7.10(d). In re Estate of Widenmeyer, 70 N.J. 458, 360 A.2d 396 (1976). The Court relied on N.J.S.A. 54:34-5.(c.) and ruled that the Director’s *173 regulation was a proper implementation of the statute. In dealing with the wording of the regulation then in effect, the Court concluded that, unless real estate came “into the hands of the executor,” commissions on such real estate were not a proper deduction for transfer inheritance tax purposes. The Court rejected the executrix’s argument that the estate should be entitled to an inheritance tax deduction for commissions on real estate because of time and attention given to it during the administration of the estate. The Court stated that the Legislature had “chosen otherwise” by providing for commissions on corpus and real estate that comes into the “fiduciary’s hands” or into the fiduciary’s “possession,” citing N.J.S.A. 3A:10-2 and N.J.S.A. 3A:10-3, the predecessor statutes to N.J.S.A. 3B-18-14, which deals with “corpus received by the fiduciary.” Additionally, the Court said that the argument rested on an inaccurate premise. There is actually little for the fiduciary to do, for the most part, with regard to real estate.
The present wording of N.J.A.C. 18:26 — 7.10(d) has the same legal effect as the regulation upheld in the Widenmeyer case. I conclude that the regulation, contrary to plaintiffs claim that it is “arbitrary and capricious” and invalid, is a proper implementation by the Director of N.J.S.A. 54:34-5.c. The plaintiffs claims for a deduction for commissions on real estate are controlled by the regulation, and it was incumbent on plaintiff to have proceeded within the applicable statutory and regulatory time requirements.
It should be noted that N.J.A.C. 18:26-7.10(b) now provides for the executor to obtain a “court judgment.” In light of the wording of subparagraph (c) which refers to “judicial allowance” and of subparagraph (e) which refers to “a judgment of the Court exercising probate jurisdiction,” the relationship between subparagraphs (b) and (d) must await a determination in a case in which the issue is presented to the Tax Court in a timely manner.
VII
A judgment will be entered dismissing plaintiffs complaint.

 Effective January 2, 1996, N.J.A.C. 18:26 — 7.10(b) was amended to include the following language:
If the Branch makes an assessment denying executor’s or administrator’s commissions, a written protest must be submitted to the Branch within 90 days in accordance with N.J.S.A. 54:49-18 and N.J.A.C. 18:26-12.9 in order for the Branch to consider a subsequent court judgment allowing the commissions. In order for the Branch to reopen an assessment subsequent to a judgment, a copy of the account must be filed with the Branch at the time of the filing with the court and a copy of the judgment specifying the rates to be applied to corpus must be forwarded to the Branch.
[Emphasis supplied.]
While there is a presumption that an amendment to a statute or regulation indicates a change in legal rights or duties under that statute or regulation, "the presumption of change is not conclusive and may be overcome by more persuasive considerations.” 1A Sutherland, Statutory Construction § 22.30 (5th ed.1993); William H. Goldberg & Co. v. Div. of Employment Security, 21 N.J. 107, 112-13, 121 A.2d 12 (1956). The legislative or regulatory “history may indicate that the amendment was intended instead as a clarification.” 1A Sutherland, Statutory Construction § 22.30 (5th ed. Supp.1996); In re Suspension of Heller, 73 N.J. 292, 308, 374 A.2d 1191 (1977).
Here, the Director’s agency proposal for this amendment explains that the emphasized language was meant "to clarify that a protest must be submitted within 90 days from an assessment for the estate to maintain appeal rights with the Division.” 27 N.J.R. 3915(a). Thus, the emphasized language adds nothing new to the taxpayer’s obligations under the prior version of the regulation at issue in this case. The emphasized language merely restates the taxpayer’s duty, imposed by statute, other regulations of the Director, and case law, to file a protest within ninety days of the assessment. See N.J.S.A. 54:49-18(a); N.J.A.C. 18:26-12.9(a); N.J.A.C. 18:26-12.12(a); Gifford v. Director, Div. of Taxation, supra.