NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

**TAX COURT OF NEW JERSEY**



**MARY SIOBHAN BRENNAN**
**JUDGE**

495 Dr. Martin Luther King, Jr. Blvd. Floor 4
Newark, New Jersey 07102
609 815-2922, Ext. 54560
Fax: 609 815-3079

April 12, 2024

Yawar Syed
Self-Representing Plaintiff
159 W Wilkes Barre Street
Easton, PA 08042

Timothy M. Kawira, Deputy Attorney General
Attorney for Defendant, Director, Division of Taxation
25 Market Street
PO Box 106
Trenton, New Jersey 08625-0106

Via ECourts

**RE:** **YAWAR SYED V DIRECTOR, DIVISION OF TAXATION**
**Docket Nos.: 010253-2023**

Dear Mr. Syed and DAG Swan:

This letter opinion sets forth the court's findings of fact and conclusions of law on Director, Division of Taxation's ("Defendant" or "Division") R. 4:64 motion for summary judgment dismissing the Complaint as untimely.

Background and Procedural History

Yawar Syed ("Plaintiff") is a New Jersey resident employed in the State of New York. Plaintiff filed timely New Jersey Gross Income Tax ("NJGIT") returns for tax years 2013, 2014, 2015, 2016 and 2017. In 2018, the Division advised Plaintiff that there were errors on his NJGIT tax returns related to withholding tax. Subsequently, it was determined that Plaintiff's accountant






had reported Plaintiff's New York withholding tax as New Jersey withholding tax. Plaintiff's accountant filed amended tax returns to the New York Division of Taxation and a schedule J with the Division for the 2013-2017 tax years.

Unfortunately for Plaintiff, New York denied Plaintiff's refunds for 2013, 2014, 2015 and 2016 as time barred. New York did honor Plaintiff's 2017 refund. Plaintiff's attempts to resolve his outstanding tax obligations with the Division have been unsuccessful and have resulted in the escalation of penalties and interest. Plaintiff's position is that the Division is responsible for both the outstanding tax obligations from 2013 through 2016 and the associated interest and penalties due to the Division's delay in advising him of his accountant's error.

On July 28, 2022, the Division issued a Final Determination letter to Plaintiff, which was sent by the United States Postal Service certified mail return receipt requested. The Final Determination letter was sent to Plaintiff's last known address at the time, which was 2828 Kennedy Blvd, Apt. 426, Jersey City, NJ 07306-3919. The communication reads as follows:

> This is the **FINAL DETERMINATION** by the Division of Taxation with regard to your protest and/or request for a hearing dated August 25, 2021.
>
> After giving careful consideration to the information provided by you, the Division's file, and your telephone conference held on May 24, 2022; it has been determined that the Division's Denial Notice dated May 24, 2021, is upheld (please see enclosed citations). You filed 2013, 2014, 2015, and 2016 Amended Form NJ-1040X's showing tax amounts due that have not yet been paid. Interest has been assessed on these deficiency amounts from the original due date of the Form NJ-1040. The interest on the underpayment of tax is required under the State Tax Uniform Procedure Law as per N.J.S.A.54A:9-5. The Division has abated the penalty amounts.

2

| Tax | Period | Tax | Penal | Interest to 8/15/2022 | Prior Refund Issued | Credits | Total |
|---|---|---|---|---|---|---|---|
| GIT | 2013 | $ 126.00 | $0.00 | $ 985.40 | $1,580.00 | ($ 401.00) | $ 2,290.40 |
| GIT | 2014 | $ 195.00 | $0.00 | $1,601.86 | $2,292.00 | ($ 0.00) | $ 4,088.86 |
| GIT | 2015 | $ 0.00 | $0.00 | $1,441.86 | $3,027.00 | ($ 0.00) | $ 4,468.86 |
| GIT | 2016 | $ 966.00 | $0.00 | $ 0.00 | $ 0.00 | ($ 966.00) | $ 0.00 |
| GIT | 2017 | $ 0.00 | $0.00 | $ 319.73 | $ 948.00 | ($ 0.00) | $ 1,267.73 |
| TOTAL | | $1,287.00 | $0.00 | $4,348.85 | $7,847.00 | ($1,367.00) | $12,115.85 |

The current amount due is $12,115.85. Please make your payment online at: httns://www.state.nj.us/treaswy/taxation/payments-notices.shtml or make your check payable to the "State of New Jersey" and send it to the Division of Taxation, Conference and Appeals Branch, P.O. Box 198, Trenton, New Jersey 08695-0198, Attention: Christine Masiello by August 15, 2022.

You are reminded that interest continues to accrue at the statutory rate as long as any balance remains unpaid. Statutory interest has been calculated to August 15, 2022. Except as otherwise specifically provided in N.J.S.A. 54A:9-14, this matter will be forwarded to the Division's Special Procedures Branch for collection upon expiration of the time for all further appeals consistent with the provisions of N.J.S.A. 54A:9-10.

Please be advised that further collection service fees may be imposed should the balance remain unpaid. The 5% penalty and the collection service fee are in addition to all penalties, interest and other costs authorized 'by law.

If you do not agree with the above determination, you may file a complaint with the Tax Court of New Jersey. The Tax Court must receive the complaint, along with the required fee relative to this determination, within 90 days from the date of this notice in accordance with the provisions of N.J.S.A. 54:51A-13 et seq.

Approximately fifteen months later, on November 11, 2023, Plaintiff filed a complaint with the Tax Court. Because of the Division's perceived untimeliness in discovering the accountant's error, Plaintiff requests that his tax credit be transferred to New York. Plaintiff also requests that this court waive the amounts, penalties, and interest from 2013 through 2017, and that the court

adjust the 2018 and 2019 refunds from the owed amounts of 2017 along with removal of the penalties and interest.

On January 29, 2024, the Division filed an Answer to the Plaintiff's complaint. Subsequently on February 5, 2024, the Division filed the within motion for summary judgment. Plaintiff did not oppose the motion.

Legal Analysis

The Division moves pursuant to R. 4:46-1 to dismiss Plaintiff's complaint with prejudice for lack of subject matter jurisdiction. Rule 4:46-1 allows a party to move for summary judgment in its favor before the case is tried. The Court can grant the motion if, from the pleadings, depositions, answers, admissions, and/or certifications, it appears that there is "no genuine issue as to any material fact challenged." R. 4:46-2. Summary judgment shall be granted where "there is no genuine issue as to any material fact . . . and . . . the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

The movant bears the "burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact" regarding the claims asserted. Judson v. Peoples Bank and Trust, 17 N.J. 67, 74 (1954) (citation omitted). The Supreme Court has cautioned that, "a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged.'" Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995) (emphasis in original; quoting R. 4:46-2(c)). "That means a non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute." Ibid. (emphasis in original). Moreover, "when the evidence is so one sided that one party must prevail as a matter of law the trial court should not hesitate to grant summary judgment." Id. at 540 (quotations omitted).

4

"Subject-matter jurisdiction involves the threshold determination as to whether the court is legally authorized to decide the question presented." See Carroll v. United Airlines, 325 N.J. Super. 353, 357 (App. Div. 1999) (citing Gilbert v. Gladden, 87 N.J. 275, 280-81 (1981)). As a threshold determination, any issues regarding subject matter jurisdiction "must be addressed before considering the substantive merits of the matter." See New Jersey Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402, 411 (App. Div. 1997).

Judicial review of Taxation's actions "with respect to any tax matter" is governed by N.J.S.A. 54:51A-13 to-20 of the State Uniform Tax Procedure Law ("TPL"). That statutory provision establishes the ninety-day appeal period granted to taxpayers to contest actions of the Division, stating that "all complaints shall be filed within 90 days after the date of the action sought to be reviewed." N.J.S.A. 54:51A-14(a). The TPL further prescribes that "the appeal provided by this [Act] shall be the exclusive remedy available to any taxpayer for review of an action of the Director . . . with respect to any tax matter . . . ." N.J.S.A. 54:51A-16.

Insofar as the subject of the Plaintiff's Final Determination concerns deficient NJGIT liabilities, see also N.J.S.A. 54A:9-1 (TPL applies to taxes imposed under GIT Act except where a specific NJGIT Act provision conflicts with the TPL) and N.J.S.A. 54A:9-10(a) (appeals to Tax Court must be filed within 90 days of "any decision, order, finding, assessment or action of . . . Taxation . . . in accordance with the provisions of the [TPL]."); R. 8:4-1 ("Complaints seeking to review actions of [] Taxation . . . with respect to a tax matter . . . shall be filed within 90 days after the date of the action to be reviewed"); R. 8:4-2 (The 90-day limitations period is "calculated from the date of service of the decision or notice of the action taken"). "The right of appeal . . . is purely statutory and all applicable statutory requirements must be complied with to sustain such appeal." City of Newark v. Fischer, 3 N.J. 488, 493 (1950).

Specifically, the Appellate Division has explained that a "statutory time prescription for the filing of an appeal has uniformly been held to constitute a non-relaxable jurisdictional requirement attended by the consequence of preclusion of the action if not complied with." F.M.C. Stores Co. v. Morris Plains, 195 N.J. Super. 373, 381 (App. Div. 1984). Moreover, the "language with regard to the ninety day time requirement is plain and unambiguous; and [w]here statutory language is plain, unambiguous and uncontrolled by another part of the act or other legislation, a court may not give it a different meaning." Off v. Div. of Taxation for the State of N.J., 16 N.J. Tax 157, 164 (Tax 1996) (citing Schneider v. City of E. Orange, 196 N.J. Super. 587, 592 (App. Div. 1984) (internal quotations omitted.).

The policy considerations that require strict compliance with statutory limitations for challenging administrative actions are instructive, well established, and reflect the importance of establishing a clear point in time at which an administrative determination becomes fixed and final. The failure to file a timely administrative protest or Tax Court appeal is a fatal defect given the Tax Court's limited jurisdiction. See F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418 (1985) (held, the August 15 statutory deadline for tax appeals is a nonmodifiable jurisdictional requirement; affirmed bar of tax appeal following untimely appeal). And see Leake v. Bullock, 104 N.J. Super. 309, 313 (App. Div. 1969).

Statutes of limitations embody important public policy considerations in that they stimulate activity and punish negligence and promote repose by giving security and stability to human affairs. Kyle v. Green Acres at Verona, Inc., 44 N.J. 100, 108 (1965). They are intended to run against those who are neglectful of their rights and who fail to use reasonable and proper diligence in the enforcement thereof. Ibid. Notably, statutes of limitation are so strictly enforced that this court has held that it cannot relax the statutory time period by even one day. Mayfair Holding

6

Corp. v. N. Bergen Tp., 4 N.J. Tax 38 (Tax 1982); Prospect Hill Apts. v. Boro. of Flemington, 1 N.J. Tax 224 (Tax 1979).

The Tax Court has recognized that this result is mandated because "[c]ompliance with statutory filing requirements is an unqualified jurisdictional imperative, long sanctioned by our courts." Mayfair Holding, 4 N.J. Tax at 40. In short, N.J.S.A. 54A:9-10(a), N.J.S.A. 54:51A-14, R. 8:4-1, and R. 8:4- 2 require that Tax Court complaints must be filed within 90-days of service of Taxation's final determination letter. See Sahaya v. Dir., Div. of Taxation, 29 N.J. Tax 18, 23 (Tax 2015) ("the [90-day] period begins to run upon receipt of the [final determination letter]") (citing Liapakis v. State, 363 N.J. Super. 96 (App. Div. 2003), certif. denied, 179 N.J. 369 (2004)).

In the case at hand, Plaintiff filed his Tax Court complaint on November 28, 2023. Plaintiff attached the July 28, 2022, Final Determination Letter issued by the Division. This is consistent with the Division's records, which further confirm the Final Determination letter was delivered to Plaintiff by USPS Certified Mail on August 1, 2022. Ninety (90) days from the date of the Final determination would set the deadline to file an appeal on Monday, October 31, 2022

The failure to timely file an appeal to the Tax Court is a fatal defect, as the Tax Court's jurisdiction to review the Division's determination is limited. While the circumstances of a missed deadline are regretful, they cannot serve as an adequate basis to overcome the lack of jurisdiction this court faces. Plaintiff's failure to timely submit a complaint pursuant to the applicable statutes, court rules, and case law deprives this court of jurisdiction to hear the instant appeal.

Conclusion

The court grants the Division's motion for summary judgment to dismiss Plaintiff's Complaint as untimely.

/s/ Mary Siobhan Brennan
Hon. Mary Siobhan Brennan, J.T.C.